IN THE MATTER OF: THE APPLICATION AND APPEAL OF THOMAS H. HASTING, BEFORE THE CHARLOTTE PERIMITER ZONING BOARD OF ADJUSTMENT.

(Filed 6 April, 1960.)

**1. Municipal Corporations § 25—**

A zoning ordinance which permits the continuance of nonconforming uses subsisting at the time of the enactment of the ordinance may prohibit an enlargement of such nonconforming uses.

**2. Same:    Municipal Corporations § 34—**

Under the zoning ordinance in question petitioner was permitted to continue a nonconforming use subsisting at the time of the enactment of the ordinance. Petitioner sought a permit for an additional construction upon contentions that the construction was merely to complete facilities under his original plan subsisting at the time of the enactment of the ordinance. *Held:* Whether the petitioner was seeking the right to complete facilities for the subsisting nonconforming use, or was seeking to enlarge a nonconforming use in violation of the ordinance, is a question of fact to be determined by the administrative board.

**3. Administrative Law § 4—**

The determination of questions of fact by an administrative board will not be disturbed when its findings are supported by evidence and are made in good faith.

APPEAL by petitioner from *Sharp, S. J.,* August 17, 1959 Civil Term, of MECKLENBURG.

Petitioner applied for and obtained a writ of *certiorari* to review an order of the Charlotte Zoning Board of Adjustment which order affirmed the refusal of the building inspector to issue a permit authorizing the increased use of petitioner's property adjacent to Charlotte as a house trailer park. Judge Sharp, on review of the record, sustained

the order of the Board of Adjustment. Petitioner excepted and appealed.

*Blakeney, Alexander & Machen for petitioner, appellant.*
*John D. Shaw for respondent, appellee.*

RODMAN, J.  The authority given to municipalities in general to enact and enforce zoning ordinances by Art. 14, c. 160 of the General Statutes was, as to the City of Charlotte, enlarged by c. 123, S. L. 1955, to apply to a described area surrounding the city. The provisions of the 1955 Act applicable only to Charlotte are substantially the same as c. 1204, S. L. 1959, now G.S. 160-181.2. Pursuant to the authority given by the 1955 Act, Charlotte enacted a zoning ordinance which became effective 2 January 1956. One of the permissive uses of property zoned as "rural" is "dwellings except house trailers." The ordinance permits the continuance of an existing prohibited use. It provides: "The lawful use of any building or land existing at the time of the adoption of this ordinance may be continued, but not enlarged or extended, although the use of such building or land does not conform to the regulations of the district in which such use is maintained."

In 1951 petitioner purchased 6.37 acres of land outside of Charlotte but within the area described in c. 123, S. L. 1955, and in a part zoned as "rural." The operation of house trailer sites is not a permissive use under the ordinance for areas so zoned. There was a dwelling on the property when petitioner purchased. He occupies this as his home. Subsequent to his purchase and prior to 2 January 1956 he constructed some house trailer sites on his property. These, or at least some of them, were rented and occupied when the ordinance went into effect.

Subsequent to 2 January 1956 petitioner applied to the building inspector for a permit to provide additional house trailer sites. The building inspector declined to issue the permit. Petitioner appealed to the Board of Adjustment. It heard the evidence offered and found:

"4. On January 2, 1956, appellant had constructed or begun construction of sixteen trailer sites on said land and some of said sites had been rented.

"5. On January 2, 1956, appellant had done nothing toward the construction of any additional trailer sites other than the sixteen heretofore mentioned."

Based on its findings, it concluded: "The Building Inspector did not err in denying the appellant's application."

Petitioner excepted to the findings made by the Board, contending

the evidence established an original plan to provide 45 trailer sites on the property, the allotment of the necessary area to that plan, and the partial consummation of the plan by necessary construction in process on 2 January 1956 to make effective use of all of the area so allotted. The right to continue to use the 16 sites referred to in Finding # 5 is not controverted.

The city had the authority to prohibit an enlargement of a nonconforming use. *In re O'Neal,* 243 N.C. 714, 92 S.E. 2d 189. Whether what petitioner sought was the right to complete construction of facilities for a nonconforming use to which property had been dedicated when the ordinance took effect or was an enlargement of a subsisting nonconforming use was a question of fact to be determined by the Board of Adjustment. The rule applicable is stated in *In re Pine Hill Cemeteries, Inc.,* 219 N.C. 735, 15 S.E. 2d 1, thus: "The duties of the building inspector being administrative, appeals from him to the board of adjustment present controverted questions of fact—not issues of fact. Hence it is that the findings of the board, when made in good faith and supported by evidence, are final. *Little v. Raleigh,* 195 N. C. 793. Such findings of fact are not subject to review by the courts."

Our examination of the evidence submitted to the Board of Adjustment discloses sufficient evidence to support its findings. Based on this evidence, the Board could have found the facts as contended by petitioner or contrary to his contention. In this situation its findings are conclusive. The court was correct in refusing to change or modify the findings of fact and in sustaining the order of the Board of Adjustment.

Affirmed.