HOWARD G. THOMAS, T/A THOMAS' FOOD STORE v. STATE BOARD OF ALCOHOLIC CONTROL, WILLIAM S. HUNT, CHAIRMAN AND CLEON W. GOODWIN AND CLAUDE J. MABRY, MEMBERS.

(Filed 11 January 1963.)

1. **Intoxicating Liquor § 2; Administrative Law § 3—**
     Testimony of officers that a person who had bought beer from licensee had declared he was under 18 years of age is incompetent as hearsay, and a certified copy of a birth certificate without testimony of any person having knowledge thereof that it was the record of the purchaser of the beer is incompetent to prove the age of such purchaser, and therefore such evidence is insufficient to support findings by the Alcoholic Beverage Control Board that the licensee sold beer to a person under 18 years of age or that he failed to give the licensed premises proper supervision, G.S. 18-78.1; G.S. 18-90.1, and the Board's order of suspension of license based on such findings is properly vacated in the Superior Court.

2. **Evidence § 24—**
     A public record is proof only of the facts therein contained.

APPEAL by respondents from *Edward B. Clark, S.J.,* May 1962 "A" Civil Term of WAKE.

*Attorney General Bruton and Staff Attorney Sanders for Respondent Appellants.*
*Samuel S. Mitchell for Petitioner Appellee.*

MOORE, J. Howard G. Thomas (licensee), trading as Thomas' Food Store, was granted permits in 1949 by the State Board of Alcoholic Control (Board) to sell beer and wine for consumption on and off licensee's business premises at 508 South Boundary Street in Raleigh. On 19 May 1961 the Board notified licensee that it had information

that he had violated the Alcoholic Beverage Control Act (G.S., Ch. 18, Art. 4) on 13 May 1961 by (1) "knowingly selling . . . or allowing the sale of beer to Lawrence Reid," a person under 18 years of age, in violation of G.S. 18-78.1 and G.S. 18-90.1, and (2) "failing to give licensed premises proper supervision," contrary to G.S. 18-78. Licensee was directed to appear before a Hearing Officer on 6 June 1961 and show cause why his permits should not be revoked or suspended.

Licensee appeared at the hearing and was represented by counsel. The evidence adduced at the hearing tends to show: Two ABC inspectors visited licensee's establishment about 9:35 P.M. on Saturday night 13 May 1961. The business is a self-service grocery store. Thomas was not in the store. Billy White, the only employee present, was serving as cashier. There were five or six customers making purchases. The inspectors observed a customer, Lawrence Reid, paying the cashier for a can of beer. White put the beer in a bag and Reid started to leave the store. White did not ask Reid for any identification. Reid was approximately 5 feet 11 inches, or 6 feet, in height, he weighed 190 to 200 pounds. According to the inspectors he looked too young to be buying beer. They stopped and questioned him, out of earshot of White. He stated that he was born 7 February 1945. (Licensee objected to the inspectors' testimony of their conversation with Reid. The objection was sustained.) Reid had on his person a card from Ligon High School — it did not state his age. Thomas, the owner, entered the store about five minutes after Reid left. When told by the inspectors that beer had been sold to a minor, Thomas reprimanded White severely. There was introduced in evidence a birth certificate for one, Lawrence Christopher Reid, which had been obtained from the State Board of Health. It purported to show that subject was born 7 February 1946. (Licensee objected to the certificate on the ground that it had "not been properly connected with this case.") Neither Reid nor his parents were present or gave testimony at the hearing. The inspectors were the only witnesses for the Board. White, the cashier, testified that he sold the beer to Reid, did not ask for any identification, and that he thought Reid was 18 or 19 years old. He stated that he had seen Reid before but had never talked to him. White knew the inspectors were in the store at the time. This was the first "hearing" offense against licensee's establishment.

The Hearing Officer found as a fact that licensee "did allow the sale of beer to a minor (person under 18 years of age) on his licensed premises on May 13, 1961, in violation of G.S. 18-78.1(1) and G.S. 18-90.1" and "did fail to give his licensed premises proper supervision on May 13, 1961, in violation of G.S. 18-78." Hearing Officer recom-

mended that licensee's permits be suspended for 60 days. The Board adopted the findings and suspended the permits for a period of 60 days, effective 21 July 1961.

Pursuant to G.S. 143-309, 310, licensee filed a petition for review in the Superior Court of Wake County. A stay order was entered. G.S. 143-312. Judge Clark reviewed the record and entered judgment declaring: ". . . (T)here is no competent evidence to sustain the order complained of . . . and . . . there is no competent evidence to show that petitioner's employee knowingly sold beer to a minor. . . ." It was adjudged "that the order of suspension . . . is hereby stricken and vacated." The Board appeals.

In its brief the Board assumes that there is competent evidence to support its findings that beer was sold to a minor, under 18 years of age, at licensee's establishment as alleged, and that licensee failed to give the licensed premises proper supervision, and argues as a matter of law that knowledge of the purchaser's minority on the part of White, the cashier, is not a prerequisite for violation of G.S. 18-90.1, and the findings of fact are sufficient predicate for suspension of licensee's permits. We do not reach the legal question emphasized by the Board. The findings of fact are not supported by competent evidence.

In the judicial review of decisions of administrative agencies (G.S., Ch. 143, Art. 22) "The court may affirm the decision of the agency or remand the case for further proceedings; or it may reverse or modify the decision if the substantial rights of the petitioners may have been prejudiced because the administrative findings, inferences, conclusions, or decisions are: . . . Unsupported by competent, material, and substantial evidence in view of the entire record as submitted. . . ." G.S. 143-315.

There is no competent evidence that the purchaser of the beer, Lawrence Reid, was a person under 18 years of age. Neither Reid, nor anyone else having knowledge of his age and identity, was called as a witness. The testimony by the inspectors of Reid's statement to them was heresay and was properly excluded by the Hearing Officer. The birth certificate of Lawrence Christopher Reid, while in due form and properly certified by the State Board of Health, was not shown to be, by any person having knowledge thereof, the record of the birth of the Lawrence Reid who purchased the beer. Furthermore, the person referred to in the certificate was born in Johnston County. Licensee moved that the certificate be excluded. The motion should have been allowed. A public record "is proof only of the facts therein contained." 2 Strong: N. C. Index, Evidence, § 24, p. 268. The certificate of birth in this record is only proof that a child, Lawrence Christopher Reid,

was born 7 February 1946 in Johnston County of the parents therein named. Absent competent evidence of the age of the Lawrence Reid who purchased the beer in question, neither of the findings of fact is supported.

The judgment of the Superior Court is

Affirmed.