BRUCE R. FREEMAN, T/A BRUCE'S TAVERN, SEABREEZE BEACH, WIL-MINGTON, NORTH CAROLINA, PETITIONER v. BOARD OF ALCOHOLIC CON-TROL, STATE OF NORTH CAROLINA, RESPONDENTS.

(Filed 28 April, 1965.)

**1. Intoxicating Liquor § 2—**

The State Board of Alcoholic Control is vested with the authority to hear proceedings to revoke a retail beer permit, G.S. 18-78, with right in the licensee, after exhausting his administrative remedies, to appeal to the Superior Court, G.S. 143-309, where review is before the judge, G.S. 143-314, with right of further appeal to the Supreme Court, G.S. 143-316.

**2. Same—**

In proceedings for the revocation of a retail beer permit, it is the duty of the Board of Alcoholic Control to weigh the evidence and find facts, and its findings are conclusive if supported by material and substantial evidence.

**3. Same; Administrative Law § 4—**

A court will not substitute its discretion for that vested in an administrative board and will not disturb the discretionary order of such board in the absence of fraud, manifest abuse of discretion, or conduct in excess of lawful authority.

**4. Intoxicating Liquor § 2; Criminal Law § 26—Verdict of not guilty in criminal action does not preclude revocation of license for selling whiskey.**

Where, in a hearing before the Board of Alcoholic Control, undercover agents testify, without contradiction, that they purchased whiskey on the premises from the licensee and his agent, the testimony is sufficient to sustain findings of the Board that the licensee had allowed whiskey to be sold on the premises and had failed properly to supervise the premises, and the fact that the licensee had been found not guilty of selling whiskey on the occasion in question in a criminal prosecution does not alter this result, the two proceedings being independent of each other with requirements of different degrees of proof.

APPEAL by the State Board of Alcoholic Control from *Bone, J.*, November 16, 1964 Nonjury Civil Session, WAKE Superior Court.

This proceeding originated by notice dated January 29, 1964, to Bruce R. Freeman, T/A Bruce's Tavern, Seabreeze Beach, Wilmington, North Carolina, to appear before the State Board of Alcoholic Control in Raleigh on February 17, 1964, to show cause why his retail beer permit should not be revoked for:

"1. Possessing and possessing for the purposes of sale and selling and/or allowing the possession and the possession for the purpose of sale and the sale of tax paid whiskey on your retail licensed premises on or about August 4, 1963 at 1:50 a.m. and 10:20 p.m. in violation of G.S. 18-78.1(5).

"2. Failing to give retail licensed premises proper supervision on or about August 4, 1963 at 1:50 a.m. and 10:20 p.m. G.S. 18-78."

At the hearing before Earl L. Weathersby, Assistant Director, Robert Rieves and Cornelius Waddell, officers employed by the Board, were sworn as witnesses. Both testified they bought taxpaid whiskey by the drink at the Seabreeze tavern on two occasions during August 4, 1963. The first three drinks were served by Bruce Freeman from a bottle kept under the counter. The price paid was $1.50. The same evening the officers purchased two drinks for $1.00, also served in cups from the bottle concealed under the counter. These drinks were served by Walter Freeman. At the time of this sale Bruce Freeman was also behind the counter.

The record discloses that Mr. Freeman's permit had been suspended on two prior occasions — once for 180 days and once for 90 days — for allowing the sale of whiskey on the licensed premises. The last suspension order became effective March 7, 1961.

As his only evidence, Mr. Freeman offered: (1) affidavits of two businessmen to the effect that he and his place of business bore good reputations; (2) the court records showing that he and Walter Freeman were charged and convicted in the Recorder's Court of New Hanover County for the two sales on August 4, 1963, but that on appeals to the Superior Court he was acquitted by the jury and a *nolle pros.* was entered in the case against Walter Freeman.

The hearing officer, Mr. Weathersby, made detailed findings of fact in substance as Officers Rieves and Waddell had testified. He concluded that Bruce Freeman had failed to give his licensed premises proper supervision and that he had allowed whiskey to be sold in violation of law. The State Board of Alcoholic Control reviewed the record, adopted as its own the findings made by the hearing officer, and ordered the license revoked. Mr. Freeman appealed to the Superior Court of Wake County. After hearing, the court entered this judgment:

"THIS CAUSE COMING ON TO BE HEARD upon the appeal by the Respondent-Petitioner Bruce R. Freeman from the Order of the State Board of Alcoholic Control revoking the beer license of Respondent-Petitioner which was effective as of May 15, 1964, and also the appeal from the Findings of Fact upon which said Order was allegedly based, and the Court having carefully examined the Findings of Fact of the North Carolina Board of Alcoholic Control and the Order based thereon, and after hearing the argument of counsel and the Affidavit of Addison Hewlett, Jr., and the Court being of the opinion that the Findings of Fact were based on evidence of violation of the law regarding the sale of tax paid whiskey

upon which Bruce R. Freeman was tried and found not guilty in the Superior Court of New Hanover County, and further, upon evidence as to sales by Walter Freeman of tax paid whiskey by Walter Freeman, an employee of Bruce Freeman, and it further appearing that Walter Freeman was tried in the Recorder's Court of New Hanover County on said charges and that he was found guilty, whereupon he appealed to the Superior Court of New Hanover County, where the case was pending at the time of the hearing in this cause, and later a *nol pros* being taken, and the Court finding as a fact that the charges herein made were the same as the incidents upon which Bruce Freeman and Walter Freeman were tried in the New Hanover County Superior Court, the case against Bruce Freeman having been terminated by a not-guilty verdict, and the case against Walter Freeman being pending at the time of the hearing in this cause, and later a *nol pros* being taken and the Court finding that this is in effect placing the Respondent in jeopardy on two occasions in separate forums, and that, therefore, he should not be held accountable herein.

"And the Court being of the opinion and finding as a fact that the decision of the State of North Carolina Board of Alcoholic Control is not supported by competent material and substantial evidence and that said decision was arbitrary.

"IT IS THEREFORE, ORDERED, ADJUDGED AND DECREED that the order revoking the retail beer permit of Bruce Freeman, the Petitioner-Respondent herein be and is hereby reversed as being contrary to law."

From the foregoing judgment, the State Board of Alcoholic Control appealed.

*T. W. Bruton, Attorney General, George A. Goodwyn, Staff Attorney for respondent appellant.*
*Addison Hewlett, Jr., for petitioner-appellee.*

HIGGINS, J. The record of the proceedings before the hearing officer disclosed that two ABC employees (apparently engaged in undercover work) purchased from Bruce Freeman three drinks of whiskey for which they paid $1.50 and later in the evening they purchased two drinks from Walter Freeman, in the presence of Bruce Freeman, for which they paid $1.00. In each instance the drinks were served in cups and from a bottle taken from beneath the counter. There was some discrepancy in the testimony of the officers as to whether Bruce Freeman or Walter Freeman sold the first drinks and the hour of the sales.

On two prior occasions the retail beer license of Bruce Freeman had been suspended for lack of supervision of his premises in that he had permitted whiskey to be sold thereon.

On the foregoing evidence, which was uncontradicted, the hearing officer found the facts to be as testified to by the two undercover men. The State Board of Alcoholic Control reviewed the findings and conclusions, adopted them as its own, and entered the order revoking the permit effective May 15, 1964.

Authority to conduct a hearing and determine whether a State retail beer permit should be revoked is lodged in the State Board of Alcoholic Control by G.S. 18-78. An aggrieved party may appeal to the Superior Court of Wake County after exhausting his administrative remedies. G.S. 143-309. The review is before the judge, G.S. 143-314, and the scope thereof is set forth in the next succeeding section. An aggrieved party may appeal to the Supreme Court for a review of Superior Court judgment. G.S. 143-316.

The duty to weigh the evidence and find the facts is lodged in the agency that hears the witnesses and observes their demeanor as they testify — in this case the Board of Alcoholic Control. Its findings are conclusive if supported by material and substantial evidence. *Campbell v. ABC Board,* 263 N.C. 224, 139 S.E. 2d 197; *Thomas v. ABC Board,* 258 N.C. 513, 128 S.E. 2d 884. "Courts will not undertake to control the exercise of discretion and judgment on the part of members of a commission in performing the functions of a State agency." *Williamston v. R. R.,* 236 N.C. 271, 72 S.E. 2d 609. "When discretionary authority is vested in such commission, the court has no power to substitute its discretion for that of the commission; and in the absence of fraud, manifest abuse of discretion or conduct in excess of lawful authority, the court has no power to intervene." *Pharr v. Garibaldi,* 252 N.C. 803, 115 S.E. 2d 18. "Hence it is that the findings of the board, when made in good faith and supported by evidence, are final." *In re Hastings,* 252 N.C. 327, 113 S.E. 2d 433.

We hold that the evidence before the State Board of Alcoholic Control was sufficient to sustain the findings that Bruce Freeman had allowed whiskey to be sold on his retail licensed premises and had failed properly to supervise them. The findings are based on the positive assertions of two witnesses whose testimony was not contradicted. The criminal trials were independent proceedings in which the results did not bind the Board of Alcoholic Control. The rules of evidence in criminal cases require proof of guilt beyond a reasonable doubt. Sometimes juries have doubts about the testimony of undercover witnesses. At any rate the rule of double jeopardy has no application. The verdict of the jury in a criminal prosecution does not have the effect of reversing the

decision of the Board of Alcoholic Control. The evidence before the Board does not permit the conclusion its action was arbitrary. The judgment of the Superior Court is

Reversed.