ELI JOSEPH MONSOUR, T/A RICK'S LOUNGE AND T/A THE WAGON
     WHEEL v. NORTH CAROLINA STATE BOARD OF ALCOHOLIC
     CONTROL

No. 6910SC255

(Filed 23 July 1969)

Intoxicating Liquor § 2— suspension of retail beer license — sufficiency
     of evidence

> In this proceeding for the revocation or suspension of respondent's re-
> tail beer license, the evidence is sufficient to sustain findings by the ABC
> Board that respondent failed to give the licensed premises proper super-
> vision and permitted an intoxicated waitress to work in the licensed
> establishment, which findings support the Board's suspension of respond-
> ent's beer license.

APPEAL by petitioner from *McKinnon, J.*, at the January 1969
Regular Civil Session of WAKE Superior Court.

This proceeding was instituted by respondent by the filing of a
citation for petitioner to appear before a hearing officer of the State
Board of Alcoholic Control to show cause why his retail beer permits
should not be revoked or suspended. The charges against the peti-
tioner were:

> "1. Permitting and allowing an employee to be in an intoxi-
> cated condition while working in the establishment of the pe-
> titioner on or about March 23, 1968, at 10:10 P.M. in violation
> of Board of Alcoholic Control Regulation Number 30(7).
>
> 2. Failing to give his retail licensed premises proper super-
> vision on or about March 23, 1968, at 10:10 P.M., GS 18-78."

A hearing was held in Raleigh by a hearing officer of the re-
spondent. Evidence was introduced in support of the charges and
evidence favorable to the petitioner was also introduced. The hear-
ing officer concluded that the charges were true and recommended
that respondent Board suspend the malt beverage permits held by
the petitioner for sixty days, effective 24 June 1968.

Thereafter, on 10 June 1968, respondent Board reviewed the
findings of fact based on the evidence taken at the hearing by the
hearing officer, adopted the findings of fact as its own, and ordered
that the retail beer permits of the petitioner be suspended for a
period of thirty days, effective 24 June 1968.

Petitioner appealed to the Superior Court of Wake County. Pur-
suant to a hearing, Judge McKinnon entered judgment affirming the
decision of respondent Board as it pertained to the establishment
where the incident complained of occurred but reversed the decision

of respondent Board as it pertained to another business establishment operated by petitioner. From that portion of the judgment affirming respondent's order, petitioner appealed.

*Brown, Fox & Deaver by Bobby G. Deaver for petitioner appellant.*

*Attorney General Robert Morgan and Staff Attorney Mrs. Christine Y. Denson for respondent appellee.*

BRITT, J.

Petitioner contends that the court erred in affirming the finding of fact that Cassie Young was "working" for petitioner in Rick's Lounge (petitioner's establishment) while intoxicated on 23 March 1968 at 10:10 p.m., because the finding that she was working at that time is not supported by material and substantial evidence. He also contends that the court erred in affirming the finding of fact that petitioner failed to give his retail licensed premises the proper supervision on or about 23 March 1968 at 10:10 p.m., in violation of G.S. 18-78, for the reason that this finding is not supported by material and substantial evidence.

In *Freeman v. Board of Alcoholic Control*, 264 N.C. 320, 141 S.E. 2d 499, in an opinion by Higgins, J., we find the following:

> "The duty to weigh the evidence and find the facts is lodged in the agency that hears the witnesses and observes their demeanor as they testify — in this case the Board of Alcoholic Control. Its findings are conclusive if supported by material and substantial evidence. *Campbell v. ABC Board*, 263 N.C. 224, 139 S.E. 2d 197; *Thomas v. ABC Board*, 258 N.C. 513, 128 S.E. 2d 884. 'Courts will not undertake to control the exercise of discretion and judgment on the part of members of a commission in performing the functions of a State agency.' *Williamston v. R. R.*, 236 N.C. 271, 72 S.E. 2d 609. 'When discretionary authority is vested in such commission, the court has no power to substitute its discretion for that of the commission; and in the absence of fraud, manifest abuse of discretion or conduct in excess of lawful authority, the court has no power to intervene.' *Pharr v. Garibaldi*, 252 N.C. 803, 115 S.E. 2d 18. 'Hence it is that the findings of the board, when made in good faith and supported by evidence, are final.' *In re Hastings* [sic], 252 N.C. 327, 113 S.E. 2d 433."

The summarization of evidence by the hearing officer reveals,

among other things, the following: At about 9:45 p.m. on 23 March 1968, Fayetteville Police Officers DeVane and Knight visited Rick's Lounge, one of petitioner's places of business. In the establishment they observed Cassie Young waiting on tables and specifically observed her going to the bar, securing three opened bottles of beer and delivering them to some young men seated at a table. Cassie Young acted differently from her usual conduct and appeared slightly unsteady and there were indications that she had been drinking. Petitioner was absent from the premises at the time. The officers left the establishment and returned some 25 minutes later and again observed Cassie Young. She was standing near the table of the parties to whom she had previously delivered the three bottles of beer; she was loud and boisterous. Upon seeing the officers, she walked over to them and made the statement that she was drunk. Petitioner was not present at that time. The officers arrested her and took her outside the establishment onto the sidewalk, at which time petitioner appeared and remarked that she was drunk, that she knew better than to drink when she was working, and that she was on duty. Cassie Young was indicted for and pleaded guilty to public drunkenness on the occasion in question and paid a fine and the court costs.

Although petitioner presented testimony showing that he was only temporarily absent from his place of business for the purpose of eating dinner at the time of the incidents complained of, that Cassie Young was off duty at the time and that she was not drunk, it was the province of the hearing officer to weigh the credibility of the testimony and to find the facts from the evidence presented.

We fully agree with the conclusion of Judge McKinnon that the findings of fact and decision of the respondent are supported by competent, material and substantial evidence, and the judgment affirming respondent Board's suspension order as to Rick's Lounge is

Affirmed.

MALLARD, C.J., and PARKER, J., concur.