JAMES RALPH WATKINS, T/A SEAFOOD BOX, DURHAM, NORTH CAROLINA v. STATE OF NORTH CAROLINA BOARD OF ALCOHOLIC CONTROL

No. 7210SC138

(Filed 29 March 1972)

1. **Intoxicating Liquor § 2— beer and wine license — supervision of premises — sale to intoxicated person**

    The sale of wine on one occasion by the licensee's employee to an allegedly intoxicated person did not establish a failure of the licensee to give the licensed premises proper supervision.

2. **Intoxicating Liquor § 2— beer and wine license — sale to intoxicated person — knowledge of intoxication**

    A finding that the licensee's employee sold wine to an intoxicated person, without a finding that the employee "knowingly" made the sale to an intoxicated person, is insufficient to sustain an order suspending retail beer and wine license.

    Judge HEDRICK dissenting.

APPEAL by petitioner from *Braswell, Judge,* 13 September 1971 Session of Superior Court held in WAKE County.

This proceeding originated by notice dated 26 May 1971 to James Ralph Watkins, T/A Seafood Box, 1102 Gann Street, Durham, North Carolina, to appear before the State Board of Alcoholic Control in Raleigh on 18 June 1971 to show cause why his retail beer and wine permits should not be revoked or suspended for:

"1. Knowingly selling and/or allowing the sale of wine to Haywood Lee Clay, a person in an intoxicated condition, on your retail licensed premises on or about May 25, 1971, 9:15 a.m. in violation of G.S. 18-78.1(2).

"2. Failing to give your retail licensed premises proper supervision on or about May 25, 1971, 9:15 a.m. G.S. 18-78.

Watkins v. Board of Alcoholic Control

"3. No longer considered to be a suitable person or place to hold a State retail beer and/or wine permit. G.S. 18-136 and G.S. 18-109 (7) j."

At the hearing on 30 June 1971 before Larry H. Flinchum, Assistant Director-Hearing Officer, Linver Pridgeon, a State ABC Officer assigned to Durham County, testified that on 25 May 1971, at approximately 9:15 a.m., he observed one colored male come out of the front door of the Seafood Box Store at 1102 Gann Street, Durham, North Carolina; that this colored male was in an intoxicated condition; that he arrested Mr. Clay for being publicly drunk; that he looked into a bag, which Mr. Clay possessed, and that he found two fifth bottles of Roma Rocket Wine; that he took Mr. Clay back to the Seafood Box and asked Mr. Clay to point out to him who had sold Mr. Clay the wine; that Mr. Clay identified Roy Wilson Ennis, Jr., an employee of the store; that Mr. Ennis did not deny to him the selling of this wine to Mr. Clay; and that he then left the Seafood Box and took Haywood Clay to jail and charged him with being publicly drunk.

The permittee, James Ralph Watkins, offered evidence tending to show that his employee, Roy Wilson Ennis, Jr., sold the wine to Haywood Clay, but that Clay was not intoxicated.

The hearing officer made the following pertinent findings of fact and recommendation:

"From material and credible evidence, it is a concluded fact that the permittee did allow the sale of wine to Haywood Lee Clay, through his employee, Roy Wilson Ennis, Jr. and Haywood Clay being a person in an intoxicated condition on the retail licensed premises on or about May 25, 1971 at 9:15 a.m. in violation of G.S. 18-78.1(2).

"It is further found as a fact that the permittee, through his employee, did fail to give his retail licensed premises proper supervision on or about May 25, 1971 at 9:15 a.m. G.S. 18-78.

RECOMMENDATION OF LARRY H. FLINCHUM
ASSISTANT DIRECTOR-HEARING OFFICER,
N. C. BOARD OF ALCOHOLIC CONTROL

"It is recommended that the permits be suspended for a period of 60 days."

---

---

From an order of the State Board of Alcoholic Control, dated 19 July 1971, approving and adopting as its own the findings of fact and recommendation of Larry H. Flinchum, Assistant Director-Hearing Officer, and the suspension of his beer and wine permits for a period of 60 days effective 2 August 1971, the petitioner, James Ralph Watkins, T/A Seafood Box, Durham, North Carolina, appealed to the Wake Superior Court. From a judgment of the Superior Court, dated 15 September 1971, affirming the order of the State Board of Alcoholic Control, the petitioner appealed to the Court of Appeals.

*Arthur Vann for petitioner-appellant.*

*Attorney General Robert Morgan, by Assistant Attorney General Mrs. Christine Y. Denson, for respondent-appellee.*

BROCK, Judge.

[1]   There is no substantial evidence in the record before us to support the Board's finding "that the permittee, through his employee, did fail to give the retail licensed premises proper supervision on or about May 25, 1971 at 9:15 a.m. G.S. 18-78." *Food Stores v. Board of Alcoholic Control,* 268 N.C. 624, 151 S.E. 2d 582. With the exception of evidence tending to show that on this single occasion two bottles of wine were sold for off-premises consumption to Haywood Lee Clay, a person alleged to have been intoxicated, all of the evidence was to the contrary. The uncontradicted evidence was that permittee had held beer and wine permits since April, 1964, and that the Board had never had any occasion to warn or accuse the permittee of a single violation of its rules prior to the instant case. There is nothing to suggest that petitioner's employee, Roy Ennis, was subject to any of the disqualifications enumerated in G.S. 18-78 (repealed effective 1 October 1971 and in part reenacted as G.S. 18A-43). The uncontradicted evidence was that the employee had been instructed not to sell beer or wine to a person who was intoxicated and that he had refused to sell beer or wine to persons who were intoxicated. The evidence discloses that the employee was well acquainted with Clay and had refused to sell Clay wine when he felt that Clay was intoxicated. We note that the charge of public drunkenness, lodged against Clay by the Board's only witness, Pridgeon, was nol-prossed. The uncontradicted evidence was that Clay was a disabled war veteran with bullet wounds in his head and leg;

that his eyes stay red and "be running"; that he has received treatment at the Veterans Hospital for his eyes and that as a result of three bullet wounds in his leg, it always "drags behind." The permittee's employee testified:

> " . . . On the morning of May 25, 1971 when Mr. Clay came in, there wasn't much conversation held; something about a pretty day or nice weather. He went back and got the wine and come up and laid the money down and left. I've seen Mr. Clay in there several times; he comes in quite often to buy wine. In my opinion he was not intoxicated. I observed him walking; he walked to the walk-in cooler and then come back toward me. I was at the counter. He got his own wine. No staggering. I knew Mr. Clay had a bad walk. I don't think he had drunk anything that morning. I did not get close enough to smell his breath. His eyes were red and watery like they always are. He didn't have any worse walk than usual; his foot drags behind. . . . There was nothing to create in my mind any impression that this man was under the influence of any alcohol."

To paraphrase the Supreme Court in *Food Stores v. Board of Alcoholic Control, supra,* surely a sale of wine on one occasion to a person under the circumstances described by the record in this case is not a failure to give the licensed premises proper supervision.

[2] In a separate count, the Board charged the permittee with "knowingly selling . . . wine to Haywood Lee Clay, a person in an intoxicated condition . . . ." We do not concede that when the "whole record test" is applied that this record would support a finding that permittee violated former G.S. 18-78.1(2), which makes it unlawful to *"knowingly* sell such beverages to any person while such person is in an intoxicated condition." (Emphasis added.) We need not, however, make a determination as to whether the whole record would sustain such a finding for the reason that, in fact, the Board did not so find. The Board found only that "[f]rom material and credible evidence, it is a concluded fact that the permittee did allow the sale of wine to Haywood Lee Clay, through his employee, Roy Wilson Ennis, Jr. and Haywood Clay being a person in an intoxicated condition on the retail licensed premises on or about May 25, 1971 at 9:15 a.m. in violation of G.S. 18-78.1(2)." Only a finding

---

---

that the permittee or his employee *knowingly* sold the wine to an intoxicated person would be sufficient to sustain the order suspending the permit. In our opinion the Board's "concluded fact" is insufficient to show a violation of the statute under which the Board was proceeding, G.S. 18-78.1(2) [now G.S. 18A-34(a)(2)].

Reversed.

Judge VAUGHN concurs.

Judge HEDRICK dissents.

Judge HEDRICK dissenting.

In my opinion the findings, conclusions and decisions of the State Board of Alcoholic Control are supported by competent, material and substantial evidence in view of the entire record as submitted. *Freeman v. Board of Alcoholic Control,* 264 N.C. 320, 141 S.E. 2d 499 (1965) ; *Wholesale v. ABC Board,* 265 N.C. 679, 144 S.E. 2d 895 (1965) ; *Keg, Inc. v. Board of Alcoholic Control,* 277 N.C. 450, 177 S.E. 2d 861 (1970).

I vote to affirm the decision of the superior court.