GEORGE BERGOS, T/A STAR RESTAURANT v. BOARD OF ALCOHOLIC CONTROL, STATE OF NORTH CAROLINA

No. 7210SC285

(Filed 28 June 1972)

1. Intoxicating Liquor § 2— findings of ABC Board — review

The findings of the Board of Alcoholic Control, after proper hearing, are conclusive if supported by competent, material and substantial evidence.

2. Intoxicating Liquor § 2— beer license — allowing intoxicated person to consume beer on premises

The evidence in a license revocation proceeding was sufficient to support a finding by the Board of Alcoholic Control that the licensee allowed a person in an intoxicated condition to consume beer on the licensed premises.

APPEAL by petitioner from Brewer, Judge, at the 29 November 1971 Session of WAKE County Superior Court.

This action was a license revocation proceeding conducted before a hearing officer of the North Carolina Board of Alcoholic Control on allegations that petitioner had allowed "Jack Preston Duncan, person in an intoxicated condition, to loiter, consume beer and to use loud, profane and indecent language on

your retail licensed premise on or about July 13, 1971, 2:20 p.m. to 2:35 p.m. in violation of Board of Alcoholic Control Regulation No. 30(1), (2) and (8)."

At the hearing the State called as its witness Donald Holmes, a State A.B.C. Officer. Holmes testified that on 13 July 1971 he went to petitioner's place of business, the Star Restaurant, to deliver a warning. Holmes testified that while he was explaining the warning to Mr. Sam Saleh, the manager, he heard a man later identified as Jack Duncan talking in a loud and profane manner and demanding another beer. Duncan continued to demand another beer but the waitress refused to give him one. At that time he was drinking a beer. Holmes asked Duncan to stand and Duncan nearly fell as he got off the bar stool. Holmes then arrested Duncan for public drunkenness. Holmes testified that from his observation of Duncan he formed an opinion that Duncan was intoxicated. A warrant and judgment entitled *State v. Jack Preston Duncan* was entered into evidence. Holmes testified that no one asked Duncan to leave the premises.

The petitioner put on evidence, through several witnesses, that Duncan had walked into the Star Restaurant and had been refused service and asked to leave. Duncan asked to use the bathroom and Mr. Saleh gave him permission to do so. Mr. Holmes then entered the restaurant and began talking to Mr. Saleh. At that time a Mr. Tharp was drinking a bear at the bar. He got up to use the telephone and at the same time Duncan came out of the restroom and sat down in front of Tharp's beer. He drank Tharp's beer and then demanded another. Holmes then noticed Duncan and arrested him. Mr. Saleh testified that he knew Duncan, but that he did not serve him beer. He testified that Duncan acted "crazy" most of the time. Mr. Tharp and another witness corroborated Mr. Saleh's testimony.

The hearing officer found as a fact that petitioner had "permitted and allowed Jack Preston Duncan, a person in an intoxicated condition, to consume beer on his retail licensed premise on or about July 13, 1971 in violation of Board of Alcoholic Control Regulation Number 30(2)."

On recommendation of the hearing officer, the Board of Alcoholic Control suspended petitioner's beer license for thirty days.

Petitioner appealed to the Superior Court. The court entered judgment affirming the decision of the Board.

From this judgment, petitioner appealed.

*Attorney General Robert Morgan by Assistant Attorney General (Mrs.) Christine Y. Denson for the State.*

*Broughton, Broughton, McConnell & Boxley by Charles P. Wilkins for petitioner appellant.*

CAMPBELL, Judge.

The question presented by this appeal is whether there was competent evidence to support the findings of fact of the hearing officer.

[1] The findings of the Board of Alcoholic Control, after proper hearing, are conclusive if supported by competent, material and substantial evidence. *C'est Bon, Inc. v. Board of Alcoholic Control*, 279 N.C. 140, 181 S.E. 2d 448 (1971) ; *Keg, Inc. v. Board of Alcoholic Control*, 277 N.C. 450, 177 S.E. 2d 861 (1970) ; and *Freeman v. Board of Alcoholic Control*, 264 N.C. 320, 141 S.E. 2d 499 (1965).

[2] There is substantial evidence in this case, derived from the testimony of Officer Holmes, that petitioner allowed a person in an intoxicated condition to consume beer on the premises of the Star Restaurant. It is true that this evidence was directly controverted by the testimony of petitioner's witnesses, but this merely raises the question of the credibility of the witnesses. The credibility of the witnesses was for the hearing officer to determine.

The testimony of the State's witness, if believed, provides substantial evidence of the violation charged against petitioner. The hearing officer elected to believe the State's witness. The evidence was sufficient to show that petitioner had ample opportunity to observe and know what Duncan was doing and no effort was made to stop or deter him. This case is distinguishable from *Underwood v. Board of Alcoholic Control*, 278 N.C. 623, 181 S.E. 2d 1 (1971).

We will not review the hearing officer's judgment as to the credibility of the witnesses.

Petitioner was given a full and fair hearing. We find

No error.

Chief Judge MALLARD and Judge BRITT concur.