LLOYD BENJAMIN PARKER, T/A LLOYD'S RESTAURANT AND SMOKE STACK LOUNGE v. BOARD OF ALCOHOLIC CONTROL

No. 7410SC733

(Filed 16 October 1974)

1. **Intoxicating Liquor § 2— findings of ABC Board — review**

     The findings of the State Board of Alcoholic Control, after proper hearing, are conclusive if supported by competent, material and substantial evidence.

2. **Intoxicating Liquor § 2— suspension of licenses — improper storage of beverages — failure to keep roster of members**

     Suspension of petitioner's on-premises beer permit, social establishment permit, restaurant and related places permit and special occasion permit was supported by findings that petitioner failed to have alcoholic beverages stored in individual lockers on his licensed premises with the name of the beverage owner on the bottle and locker and failed to keep a current roster of all members and their addresses on the licensed premises.

APPEAL by petitioner from *McKinnon, Judge,* June 1974 Session of Superior Court held in WAKE County.

By this proceeding, petitioner challenges the suspension of the following permits issued to him in 1961 and 1967 by the North Carolina Board of Alcoholic Control: an on-premise beer permit; a Social Establishment permit; a Restaurant and Related Places permit; and a Special Occasions permit.

On 18 March 1974, after reviewing the entire transcript of a hearing conducted pursuant to proper notice, including the findings of fact and recommendations of Hearing Officer Biggers, and hearing the argument of petitioner's counsel, respondent, the State ABC Board, found as facts that the permittee (1) on or about September 28, 1973, at 10:45 p.m. and September 29, 1973, at 1:10 a.m., failed to have alcoholic beverages stored in individual lockers on his licensed premises with the name of the

beverage owner on the bottle and locker, in violation of G.S. 18A-30(2)(c) and Social Establishment Regulations #3 and #4; (2) on said dates and at said hours failed to keep a current roster of all members and their addresses on his licensed premises, in violation of Social Establishment Regulation #1; (3) on said dates allowed his licensed premises to be open to the general public, in violation of G.S. 18A-30(2) by failing to keep a current roster of his members; and (4) on said dates and at said hours he failed to give his licensed premises proper supervision in violation of G.S. 18A-43(a) by failing to see that alcoholic beverages were properly stored and by failing to keep a current roster of members. Pursuant to said findings and conclusions, respondent ordered that petitioner's permits be suspended for a period of 45 days, effective 1 April 1974.

Petitioner excepted to respondent's order and filed a petition for judicial review in Wake County Superior Court. Upon petitioner's motion, a temporary stay of respondent's action was issued by Judge Smith on 29 March 1974 pending final judicial review.

On 10 July 1974, Judge McKinnon reviewed the decision of respondent and found:

> The findings of fact and decision of the Respondent herein are supported by competent, material and substantial evidence in view of the entire record as submitted and the substantial rights of the Petitioner have not been prejudiced; that said decision is in compliance with applicable constitutional provisions, within the statutory authority or jurisdiction of the Respondent and pursuant to law and lawful procedure, is neither arbitrary nor capricious and upon the entire record the decision herein judicially reviewed should be affirmed.

Thereupon, Judge McKinnon entered judgment affirming the decision of respondent and dissolved the stay order theretofore entered. Petitioner appealed.

*Attorney General James H. Carson, Jr., by Associate Attorney James Wallace, Jr., for respondent appellee.*

*Bridgers & Horton, by H. Vinson Bridgers, for petitioner appellant.*

BRITT, Judge.

Petitioner's sole exception is to the signing and entry of Judge McKinnon's judgment.

An exception to the signing and the entry of the judgment presents the question of whether error of law appears on the face of the record proper, which includes whether the facts found or admitted support the judgment and whether the judgment is regular in form, but the exception does not present for review the findings of fact or the sufficiency of the evidence to support them. *Hall v. Board of Elections,* 280 N.C. 600, 187 S.E. 2d 52 (1972); *Sternberger v. Tannenbaum,* 273 N.C. 658, 161 S.E. 2d 116 (1968); and, *Jackson v. Collins,* 9 N.C. App. 548, 176 S.E. 2d 878 (1970).

[1] The findings of the Board of Alcoholic Control, after proper hearing, are conclusive if supported by competent, material and substantial evidence. *C'est Bon, Inc. v. Board of Alcoholic Control,* 279 N.C. 140, 181 S.E. 2d 448 (1971); *Keg, Inc. v. Board of Alcoholic Control,* 277 N.C. 450, 177 S.E. 2d 861 (1970); *Freeman v. Board of Alcoholic Control,* 264 N.C. 320, 141 S.E. 2d 499 (1965); *Bergos v. Board of Alcoholic Control,* 15 N.C. App. 169, 189 S.E. 2d 494 (1972).

[2] We hold that the facts found or admitted fully support the respondent's order and the judgment appealed from, and that the order and judgment are regular in form. No error of law appears.

Affirmed.

Judges HEDRICK and BALEY concur.