American Legion v. Board of Alcoholic Control

AMERICAN LEGION, T/A MORRIS SLAUGHTER POST NO. 128, AND ALONZO FUNCHES, MANAGER, PETITIONER v. NORTH CAROLINA STATE BOARD OF ALCOHOLIC CONTROL, RESPONDENT

No. 7510SC417

(Filed 15 October 1975)

1. **Intoxicating Liquor § 2— sale of whiskey in social establishment — sufficiency of evidence to suspend permit**

Evidence tending to show that petitioner's bartender sold an undercover enforcement agent two drinks of whiskey was sufficient to support a finding that petitioner knowingly sold alcoholic beverages, since petitioner was responsible for the conduct of its employees.

2. **Intoxicating Liquor § 2— social establishment — control over lockers by bartender — revocation of permit proper**

Evidence that petitioner's bartender possessed a key that would unlock a number of lockers assigned to different members of petitioner's establishment was sufficient to support a finding that petitioner violated a regulation relating to possession of alcoholic beverages on premises holding a "Social Establishment" permit which required that any member storing alcoholic beverages in a social establishment should at all times retain control of his locker and beverages.

APPEAL by petitioner from *Brewer, Judge.* Judgment entered 17 April 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 15 September 1975.

On 16 April 1974, after notice and hearing, the State Board of Alcoholic Control, respondent, suspended permits held by petitioner for a period of 120 days. Judicial review was sought and an order staying respondent's decision was entered. The judicial review proceedings were conducted before Judge Brewer who entered judgment affirming respondent's decision.

The hearing officer for respondent made findings and conclusions, in summary, as follows: On 28 July 1973 petitioner's bartender sold two drinks of whiskey to an undercover enforcement officer. On 17 August 1973 petitioner's bartender was seen unlocking lockers assigned to different members of the petitioner's establishment. The same key would unlock a number of the lockers. The hearing officer concluded that the foregoing were violations of the appropriate statutes and regulations and recommended that petitioner's permits be suspended for 120 days. After hearing further evidence from petitioner, the Board adopted the findings of fact and recommendation of the hearing officer.

American Legion v. Board of Alcoholic Control

*Attorney General Edmisten, by Associate Attorney James Wallace, Jr., for the State.*

*Westmoreland & Sawyer, by Barbara C. Westmoreland, for petitioner appellant.*

VAUGHN, Judge.

[1]  G.S. 18A-3(a) provides that it is unlawful to sell alcoholic beverages, except as authorized by statute. Petitioner does not suggest that it was authorized to sell alcoholic beverages or that its permits may not be suspended for a violation of that section. Petitioner does argue that there was no competent evidence that petitioner "knowingly" made the sales. Nevertheless, the officer's testimony that he bought the whiskey from petitioner's bartender was unequivocal and is sufficient to support the finding. The hearing officer was at liberty to disbelieve petitioner's opposing evidence. Petitioner acts through its agents and employees and is responsible for their conduct. *Boyd v. Allen,* 246 N.C. 150, 97 S.E. 2d 864. Petitioner's reliance on *Watkins v. Board of Alcoholic Control,* 14 N.C. App. 19, 187 S.E. 2d 500 is misplaced. In *Watkins,* the Board was not reversed because the *permittee* did not know of his employee's conduct in making an otherwise lawful sale of beer to an intoxicated person. The Board was reversed because of lack of evidence that the *employee* knew that the customer was intoxicated. For similar reasons the opinions of the Supreme Court in *Underwood v. Board of Alcoholic Control,* 278 N.C. 623, 181 S.E. 2d 1, and *Food Stores v. Board of Alcoholic Control,* 268 N.C. 624, 151 S.E. 2d 582, also cited by petitioner, are easily distinguished.

[2]  Petitioner was also charged with violating Regulation No. 2 of respondent's regulations relating to possession of alcoholic beverages on premises holding a "Social Establishment" permit. Among other things, this regulation requires that any member storing alcoholic beverages in a social establishment shall at all times retain control of his locker and beverages. The hearing officer's finding that petitioner's bartender possessed a key that would unlock a number of lockers supports his conclusion that petitioner was in violation of Regulation No. 2.

After review of the whole record, including testimony describing the sales of whiskey by defendant's bartender on separate occasions and violations of Regulation No. 2, we hold that

respondent's conclusion that petitioner failed to give the premises proper supervision is also adequately supported.

Petitioner's remaining assignments of error have been duly considered and are overruled. Judge Brewer's order affirming the decision of the Board of Alcoholic Control is affirmed.

Affirmed.

Chief Judge BROCK and Judge MARTIN concur.