HOWARD DALE HUNTER, SR., T/A HUNTER'S GROCERY v. ALCOHOLIC BEVERAGE CONTROL COMMISSION

No. 8310SC454

(Filed 5 June 1984)

**Intoxicating Liquor § 2.4— revocation of off-premise malt beverage and wine permits**

Petitioner's off-premise malt beverage and unfortified wine permits were properly revoked on the ground that petitioner allowed the consumption of malt beverages upon the licensed premises where the evidence tended to show that six months after petitioner was denied an on-premise malt beverage permit, petitioner built an annex to his store in which his son operated a recreation center and in which beer was sold without an on-premise permit, and that there was a hole in the common wall shared by the store and the annex which was covered by a flag and through which, on at least one occasion, cases of beer were passed from the store into the annex, since the evidence permitted reasonable inferences that beer from petitioner's store was being sold in the recreation center and that the store and the recreation center were in fact a single business.

APPEAL by petitioner from *Bowen, Judge*. Judgment entered 3 February 1983 in Superior Court, WAKE County. Heard in the Court of Appeals 9 March 1984.

Petitioner appeals from a judgment of the Wake County Superior Court affirming the order of respondent Alcoholic Beverage Control Commission revoking petitioner's off-premise malt beverage and unfortified wine permits. The respondent Commission initiated action against petitioner when it received a complaint that petitioner had violated the State Alcoholic Beverage Control laws and/or regulations by allowing the consumption of malt beverages upon his licensed premises on or about 12 January 1982 and 23 January 1982 while only having an off-premise permit for such beverages. A hearing was held before a

hearing officer of the Commission on 2 March 1982. Based upon the evidence presented, the hearing officer concluded that petitioner was guilty of the alleged violations and recommended that the permits issued to petitioner be revoked. The findings of fact, conclusions of law, and recommendation of the hearing officer were subsequently adopted by the Full Commission after a hearing on 30 April 1982. Petitioner appealed the order of the Commission to the superior court which affirmed the order in all respects. From the judgment entered, petitioner appealed.

The evidence tends to show the following: Petitioner was issued off-premise malt beverage and unfortified wine permits for his package store known as Hunter's Grocery on 9 January 1980. One year later, petitioner applied for an on-premise malt beverage permit which was denied. In July of 1981, petitioner built an addition to his package store which he leased to his son, Howard Hunter, Jr., for a term of one year. The addition, or annex, shares a common wall with the package store but has a separate entrance and a separate parking lot. Sometime after petitioner and his son entered into the lease, the son opened up a game room/private club known as Hunter's Recreation Center in the annex.

In October, 1981, a hearing was held before a hearing officer of the Commission concerning a charge that petitioner had permitted persons to consume malt beverages upon his licensed premises on or about 10 September 1981 while holding only an off-premise permit. At that hearing, all of the evidence related to the consumption of malt beverages in the annex known as Hunter's Recreation Center. The hearing officer determined that the package store and the recreation center were in fact being operated as a single business and that the recreation center was a part of the licensed premises. Based on the findings and recommendation of the hearing officer, the Commission ordered that petitioner's malt beverage and wine permits be suspended for 60 days, such suspension to be suspended for one year on the condition that petitioner commit no further violations of the alcoholic beverage control laws and regulations.

With respect to the alleged violations that are the subject of the present appeal, the evidence tends to show that on 12 January 1982, Officer Bob Emory entered Hunter's Recreation

Center for the purpose of attempting to purchase and consume malt beverages on the premises. While there, he purchased two beers and observed other people buying and drinking beer. There was a bar in the recreation center with a cooler behind it and a cash register on top of it. On 23 January 1982 around 8:00 p.m., he again went to the recreation center and bought a beer and drank it. He saw the bartender in the recreation center pull aside a Confederate flag which was hanging on the wall common with the package store and saw that the flag was covering up a hole in the wall about the size of a cinderblock. Officer Emory could see through the hole into the package store. He then saw three women in the package store pass nine cases of beer through the hole to the bartender who stacked the cases on the bar in the recreation center. This beer was later put into the cooler behind the bar.

A witness for petitioner testified that he was working on a heating system for the recreation center and the package store and that it had been necessary for him to remove a 12 by 8 inch block from the common wall so that he could install a heating duct. Petitioner also testified that the block had been removed from the wall so that heating ducts could be installed. He said he did not see anyone pass cases of beer through the hole in the wall on 23 January 1982, but that he had sold several cases of beer to a girl that night who was having a private anniversary party in the recreation center and that it was possible she had passed the beer she purchased through the hole.

*Richard G. Miller for petitioner appellant.*

*Attorney General Edmisten, by Special Deputy Attorney General David S. Crump, for respondent appellee.*

WEBB, Judge.

The question presented by this appeal is whether there is competent evidence to support the hearing officer's findings of fact and conclusions of law adopted by the Commission which are based on the assumption that petitioner's store and the recreation center were in fact only one business, and not two separate businesses. The findings of the Alcoholic Beverage Control Commission, after proper hearing, are conclusive if supported by competent, material and substantial evidence. *See C'est Bon, Inc. v.*

*Board of Alcoholic Control,* 279 N.C. 140, 146, 181 S.E. 2d 448, 451-52 (1971); *Keg, Inc. v. Board of Alcoholic Control,* 277 N.C. 450, 456, 177 S.E. 2d 861, 865 (1970); *Parker v. Board of Alcoholic Control,* 23 N.C. App. 330, 332, 208 S.E. 2d 727, 729 (1974).

We believe that the circumstantial evidence, the family relationship between petitioner and his son, and the evidence showing that petitioner had previously attempted to obtain an on-premise malt beverage permit constitutes sufficient evidence to support the conclusion that the two businesses were in fact one business, and that the recreation center was included within the premises covered by the malt beverage and wine permits issued to petitioner. The evidence shows that six months after petitioner applied for an on-premise malt beverage permit, which was denied, petitioner built an annex to his store in which his son operated a recreation center and in which beer was sold without an on-premise permit. The testimony of Officer Emory tends to show that there was a hole in the common wall shared by the store and the annex which was covered by a flag and through which, on at least one occasion, cases of beer were passed from the store into the annex. Based on such evidence, the hearing officer and the Commission could reasonably infer that beer from petitioner's store was being sold in the recreation center, and that the store and the recreation center were in fact so interrelated as to constitute a single business.

Petitioner also contends the Commission erred in failing to allow him to present any further evidence at the hearing before it on 30 April 1982. There is nothing in the record before this Court which indicates that the Commission improperly disallowed any evidence tendered by petitioner at the hearing; therefore, this argument is meritless.

We hold the findings of fact, conclusions of law, and order of the respondent Commission are supported by competent, material and substantial evidence. The judgment of the superior court is affirmed in all respects.

Affirmed.

Judges BECTON and EAGLES concur.