LOIS GALLOWAY v. BENJAMIN J. LAWRENCE, JR.

AND

LAURA GENE GALLOWAY, BY HER NEXT FRIEND, DANIEL J. PARKS, v. BENJAMIN J. LAWRENCE, JR.

(Filed 15 January, 1965.)

**1. Appeal and Error § 3    Pleadings § 33—**

The allowance of a motion to strike a defense in its entirety amounts to sustaining a demurrer to such defense, and is immediately appealable. Rule of Practice in the Supreme Court No. 4(a).

**2. Torts §§ 1, 7—**

A release from liability for injuries resulting from negligence does not bar an action against a physician or surgeon for malpractice in treating the injured person, unless the language of the release makes it plainly appear that the parties intended to include therein damages resulting from malpractice, since the subsequent malpractice is a separate tort. This rule applies to a release executed by the parent of a minor for loss of earnings during minority, and hospital and medical expenses, and also a judgment of the Superior Court releasing the tort-feasor of all claims on behalf of the minor arising out of the accident. G.S. 1-540.1.

**3. Constitutional Law § 20—**

The Constitution does not preclude classifications provided they are not arbitrary and unreasonable and all members within a classification are treated alike.

**4. Same—**

G.S. 1-540.1, providing that a release from liability should not bar a subsequent action for malpractice in treating injuries which were the subject of the release unless the parties specifically so intended, *held* not to place

physicians and surgeons in an arbitrary or unreasonable classification with respect to tortious liabilities, but merely to remove them from favorable protection, since all other persons responsible for a subsequent or independent tortious injury are held responsible therefor.

APPEAL by defendant from *Gambill, J.*, July 21, 1964, Session, SURRY Superior Court.

On February 8, 1962, Laura Gene Galloway, age 3, was injured when hit by an automobile owned and operated by Jo Anne Sparger. The child was taken to the hospital where the defendant, a physician and surgeon, accepted her as his patient and undertook to treat the injuries.

On June 23, 1963, these actions were instituted against the defendant, alleging that he negligently failed to apply the required knowledge, skill, and diligence in treating the child's injuries as a result of which she has been greatly damaged. The first action is by the mother, as natural guardian, to recover the extra hospital, medical, nursing, and other expenses which were proximately caused by the defendant's improper treatment and lack of proper treatment, and for loss of services during the child's minority, all as a result of the defendent's negligence. The second action is by Next Friend to recover for the child's injuries resulting from the same causes.

The defendant filed answers denying negligence. As a further defense in the mother's cause, he pleads the payment of $2,589.26 to her and the execution by her of a complete release and discharge to "Jo Anne Sparger and all other interested persons, firms and corporations of and from any and all rights of action, causes of action, claims, demands, damages, costs, loss of society, medical expenses, including all hospital bills, doctor bills, drug bills, nursing bills, and all other expenses of any kind and nature, compensation and of consequential damages on account of the personal injuries sustained by Laura Gene Galloway on February 8, 1962, while as a pedestrian crossing Wards Gap Road and was struck by a motor vehicle being operated by Jo Anne Sparger."

As a further defense to the action on behalf of the injured child, the defendant pleads a judgment of the Superior Court for $4,910.74 discharging Jo Anne Sparger and others upon the same conditions and terms as set out in the mother's release above quoted. The judgment by Crissman, J., recited the compromise and agreement, the amount thereof, and the approval of the court after hearing.

Upon motion duly filed, Gambill, J., struck the further defenses. The defendant appealed.

*Woltz & Faw by Thomas M. Faw, Womble, Carlyle, Sandridge & Rice by I. E. Carlyle, and Grady Barnhill, Jr., for defendant appellant.*
*White, Crumpler, Powell, Pfefferkorn & Green by James G. White for plaintiff appellees.*

HIGGINS, J.  The motions to strike the further defenses were equivalent to demurrers to those defenses. When allowed, the defendant had the right of immediate appeal. Our rule, 4(a), requiring *certiorari,* is not applicable. *Mercer v. Hilliard,* 249 N.C. 725, 107 S.E. 2d 554.

The order striking the pleas in bar were based on G.S. 1-540.1. "The compromise, settlement, or release of a cause of action against a person responsible for a personal injury to another shall not operate as a bar to an action by the injured party against a physician or surgeon or other professional practitioner treating such injury for the negligent treatment thereof, unless the express terms of the compromise, settlement or release agreement given by the injured party to the person responsible for the initial injury provide otherwise." The foregoing became effective on October 1, 1961; hence was in effect at the time of the injury and subsequent proceedings related thereto.

Apparently the General Assembly intended to abrogate the rule of this Court announced in *Smith v. Thompson,* 210 N.C. 672, 188 S.E. 395; and alluded to in *Bell v. Hankins,* 249 N.C. 199, 105 S.E. 2d 642, to the effect that a general release executed in favor of one responsible for the original injury protects a physician or surgeon against a claim based on negligent treatment of the injury. The facts in the *Bell* case do not call for the application of the general rule above stated, in that the settlement was for wrongful death. The release was in full settlement of that claim. Obviously, there was only one death; and upon the complete satisfaction of that claim a subsequent one for the same cause could not be maintained against the physician. The distinction is this: plaintiffs here seek to recover for a second, independent, subsequent injury following that which was inflicted by Jo Anne Sparger. These actions are based on a later and separate tort. The express terms of the releases here involved do not extend protection to the physician or surgeon.

The defendant insists that G.S. 1-540.1 violates Article I, Section 1, of the North Carolina Constitution in that it discriminates against and denies equal protection of the laws to physicians and surgeons as a class and hence is invalid. However, classifications as such are not unlawful. They become unlawful when they are arbitrary and unreasonable. In this connection the classification applies with equal force

to all members within the classification. *Motley v. Barber Examiners,* 228 N.C. 337, 45 S.E. 2d 550; *State v. Call,* 121 N.C. 643, 28 S.E. 517.

A physician or surgeon takes a patient as of the time the relationship is established. The physician or surgeon is in no wise responsible for the prior injuries, nor should a release to one who caused them be a shield by which a negligent doctor may escape liability for his own negligence. The statute does not place physicians and surgeons in an arbitrary or unreasonable classification with respect to tort liabilities but rather removes them from the favored protection in which the court had placed them by the rule stated in *Smith v. Thompson, supra.* For example: under the rule in the *Smith* case, the release to Jo Anne Sparger for running over the child, breaking its leg, would protect the physician or surgeon for malpractice in the treatment of the injuries. On the other hand, if on the way to the hospital after the injury a negligent driver ran into the ambulance, breaking the child's other leg, the original wrongdoer could not be held responsible for this second injury. The second wrongdoer should not escape liability for it. Jo Anne Sparger's release should not protect one responsible for a later and independent injury unless plainly so intended by the parties. Such is the meaning of G.S. 1-540.1; 40 N.C. Law Review, 88.

The defendant argues a distinction should be made between the release by judgment of the infant's claim and the release out of court of the mother's claim. However, the judgment was entered in the infant's case upon the basis of compromise settlement submitted to the court in a trial in which the parties waived a jury and consented for the judge to make final disposition. However, after the hearing the judge approved the settlement which the parties had entered into and submitted to him, and the judgment released Jo Anne Sparger in almost the identical words employed in the mother's release. Such a release by judgment is embraced in G.S. 1-540.1, and does not relieve a negligent doctor.

Finally, the defendant contends the court committed error by striking the further defenses in the mother's action upon the grounds she is not "an injured party," and hence the statute does not take away the right of the defendant to claim the benefits of the release to Jo Anne Sparger. The mother is an injured party for she must pay the extra expense of treatment resulting from defendant's negligence during the child's minority, and must lose its earnings for that period.

The judgments striking the further defenses are

Affirmed.