J. LAMPROS WHOLESALE, INC. v. NORTH CAROLINA BOARD OF ALCOHOLIC CONTROL.

(Filed 24 November, 1965.)

**1. Intoxicating Liquor § 2—**

License to sell and distribute beer is a privilege granted by the State Board of Alcoholic Control to those meeting the standards which the Board has set up, and such license may and should be revoked if the Board determines, after notice and a hearing, that the licensee has failed to observe the Board's regulations or failed to obey the laws of the State pertaining to the sale of beer.

**2. Same—**

Evidence that the licensee for a period of some two years had followed the general practice of giving free beer and quantity discounts to large customers, *held* sufficient to support the Board's findings and conclusions and to justify the revocation of the permit, and the Board's order of revocation must be affirmed on appeal, the Board's findings being conclusive when supported by evidence.

**3. Constitutional Law § 14—**

The General Assembly has authority to regulate the sale and distribution of intoxicating liquors.

APPEAL by petitioner from *Bickett, J.,* in Chambers, August 9, 1965, WAKE Superior Court.

On March 24, 1964, J. Lampros Wholesale, Inc., by verified petition, invoked the jurisdiction of the Superior Court of Wake County to review an administrative decision of the North Carolina Board of Alcoholic Control, effective September 1, 1964, revoking petitioner's

distributor's or wholesale malt beverage permit. To the petition for judicial review were attached as exhibits: (1) The Board's notice reciting 64 specific violations of the regulations of the Board and General Statutes charged against the petitioner as grounds for the revocation; (2) the petitioner's answer to the charges and demand for a hearing; (3) the findings of fact made by Assistant Director Weathersby after three days hearing in which petitioner and his counsel participated; (4) the petitioner's exceptions to the findings of fact, conclusions and recommendation; (5) the petitioner's request for review by the Board of Alcoholic Control; (6) the Board's findings and conclusions of law and its order revoking the permit; (7) the testimony of the witnesses and evidence produced at the hearing before Assistant Director Weathersby.

At the hearing, Judge Bickett reviewed the detailed charges filed against petitioner, on the basis of which the Board, after notice and full hearing, had entered the order of revocation. Judge Bickett reviewed the evidence taken by Assistant Director Weathersby, upon the basis of which he recommended that the permit be revoked.

In summary, the Board made findings that the petitioner's salesmen had falsified the records on numerous occasions and that the petitioner had failed properly to supervise the business. Here are a few of the specific findings:

"2. On July 4, 1963, driver-salesman . . . Vanlandingham - - - gave one free case of Busch Bavarian beer . . . to Eli J. Monsour . . . and did falsify . . . invoices Nos. 14276 and 14277 when he listed . . . 10 cases of beer and actually delivered 11 cases . . . in violation of the Board's regulations 11(a) and 24(b) and G.S. 18-69.1(3) . . . and 18-136.

"4. On December 6, 1963, driver-salesman . . . of J. Lampros, Inc., did falsify and keep inaccurate records by listing on sales invoice No. 13446 a sale and delivery of 25 cases of beer to Eli J. Monsour . . . when he actually delivered 27 cases. . . .

"9. On November 14, 1963, J. Lampros Wholesale, Inc., gave 14 free cases of Busch Bavarian beer . . . on purchase order No. 5405 to Pope Air Force Open Mess . . . in violation of regulation 24(b) and G.S. 18-69.1(3) . . . 18-78(a) (d) and 18-136.

"10. On November 14, 1963, J. Lampros Wholesale, Inc., sold and delivered 50 cases of Busch Bavarian beer to Pope AFB Open Mess, Fort Bragg at a price of $2.50 per case . . . Invoice No. 12108, when the list price . . . for that item was $2.90 per case (in violation of the regulations and statutes listed in No. 9).

"18. During the years 1962 and 1963 it was a general practice for J. Lampros Wholesale, Inc., to give free beer and quantity dis-

counts . . . to larger customers (in violation of regulations and statutes listed in No. 9)."

Judge Bickett entered a preliminary order staying the license revocation until the hearing. After full review, Judge Bickett entered this order:

> "The findings of fact and decision of the respondents herein are supported by competent, material and substantial evidence in view of the entire record as submitted and the substantial rights of the petitioner have not been prejudiced; that said decision is in compliance with applicable constitutional provisions, within the statutory authority or jurisdiction of the respondents and pursuant to law and lawful procedure, is neither arbitrary nor capricious and upon the entire record the decision herein judicially reviewed should be affirmed."

The petitioner excepted and appealed.

*T. W. Bruton, Attorney General, George A. Goodwyn, Staff Attorney for the State.*

*Heman R. Clark, James R. Nance, James R. Nance, Jr., for petitioner appellant.*

HIGGINS, J. The General Assembly has established the State Board of Alcoholic Control and given it authority to regulate and supervise the sale and distribution of alcoholic beverages. Only those authorized by the Board and granted its permit may engage in the sale and distribution of beer. A permit is a privilege granted only to those who meet the standards which the Board has set up and may, and should be, revoked if the permittee fails to keep faith with the Board by observing its regulations and obeying the laws of the State. Before a permit may be revoked the permittee is entitled to notice and a hearing before the Board. *Boyd v. Allen*, 246 N.C. 150, 97 S.E. 2d 864.

"Authority to conduct a hearing and determine whether a State retail (or wholesale) beer permit should be revoked is lodged in the State Board of Alcoholic Control by G.S. 18-78. An aggrieved party may appeal to the Superior Court of Wake County after exhausting his administrative remedies, G.S. 143-309. The review is before the judge, G.S. 143-314." *Freeman v. ABC Board*, 264 N.C. 320, 141 S.E. 2d 499. The agency that hears the witnesses and observes their demeanor as they testify—the Board of Alcoholic Control—is charged with the duty of finding the facts. The Board's findings are conclusive if supported by material and substantial evidence. *Campbell v. ABC*

*Board,* 263 N.C. 224, 139 S.E. 2d 197; *Thomas v. ABC Board,* 258 N.C. 513, 128 S.E. 2d 884; *Sinodis v. ABC Board,* 258 N.C. 282, 128 S.E. 2d 587.

In this case Judge Bickett concluded the evidence before the Board was sufficient to warrant the Board's findings and conclusions, and to justify the revocation of the permit. Under authorities of the cases herein cited, and many others, the duty of the court is to review the evidence and determine whether the Board had before it any material and substantial evidence sufficient to support its findings. "Hence it is that the findings of the Board, when made in good faith and supported by evidence, are final." *Freeman v. ABC Board, supra.*

Both the North Carolina and the Federal Constitutions recognize the authority of the State, through its legislative branch, to regulate the sale and distribution of intoxicating liquors. *Ziffrin, Inc. v. Reeves,* 308 U.S. 132; *Boyd v. Allen, supra.*

The judgment of the Superior Court of Wake County is
Affirmed.