STATE KEG, INCORPORATED, T/A THE KEG, 3106 HILLSBOROUGH STREET, RALEIGH, NORTH CAROLINA, PETITIONER v. STATE BOARD OF ALCOHOLIC CONTROL, RESPONDENT

No. 54

(Filed 16 December 1970)

**Intoxicating Liquor § 2— suspension of retail beer permit — sufficiency of ABC Board findings**

The superior court erred in setting aside an order of the State Board of Alcoholic Control suspending the petitioner's retail beer permit for 60 days, where the evidence before the Board was sufficient to sustain its findings (1) that on a certain date an intoxicated person was permitted to loiter on the licensed premises of the petitioner in violation of the Board's regulations and (2) that the operator of the petitioner failed to give the premises proper supervision on the above occasion, and where there was no evidence that the Board acted arbitrarily or in excess of lawful authority in suspending the license. G.S. 18-78(d).

APPEAL by State Board of Alcoholic Control from *Cowper, J.,* August 1970 Regular Civil Session of WAKE County Superior Court, transferred for initial appellate review by the Supreme Court under an order pursuant to G.S. 7A-31(b)(4).

This proceeding originated by notice dated February 25, 1970, to State Keg, Inc., T/A The Keg, 3106 Hillsborough Street, Raleigh, North Carolina, to appear before the Hearing Officer of the State Board of Alcoholic Control on March 10, 1970 to show cause why its retail beer permit should not be revoked for:

"2. Permitting and allowing persons to use loud, profane and indecent language on your retail licensed premise on or about February 21, 1970, 11:30 p.m. in violation of Board of Alcoholic Control Regulation No. 30 (3).

"3. Permitting and allowing Terry Lee Delaney, person in an intoxicated condition, to loiter and consume beer on your retail licensed premise on or about February 6, 1970, 11:15 p.m. in violation of Board of Alcoholic Control Regulation No. 30 (1) & (2).

"4. Failing to give your retail licensed premise proper supervision on or about February 6, 1970, 11:15 p.m. and February 21, 1970, 11:30 p.m. G.S. 18-78."

Graham Oakley, the operator of The Keg, and his attorneys appeared at the hearing before D. L. Pickard, Assistant Director - Hearing Officer, on April 15, 1970. Mr. K. E. Gilliam, a State ABC officer, and Mr. B. C. Nipper, a detective with the Raleigh Police Department, were witnesses for the Board. Mr. Nipper testified in substance that on the evening of February 6, 1970 he, together with another police officer of the Raleigh Police Department, visited The Keg and had been there approximately five or six minutes when Terry Lee Delaney, a white male, was observed on the dance floor trying to dance with a colored female. Delaney was unstable on his feet, and on two or three occasions staggered. On closer observation Officer Nipper testified that Delaney had the strong odor of alcohol on his breath and was intoxicated; that he observed Delaney on the premises for some fifteen or twenty minutes, and as Delaney left he arrested him for public intoxication; that Mr. Oakley, the operator, was there during the time the officer observed Delaney, but the officer did not see him say anything to Delaney. Mr. Gilliam testified as to the loud, profane, and indecent lan-

guage which he heard on the premises on February 6, 1970. After the hearing, D. L. Pickard, the Hearing Officer, found the facts and issued the following order:

"(A) That the permittee known as The Keg permitted and allowed a person to use loud, profane and indecent language on its retail licensed premises on or about February 21, 1970, at 11:30 p.m. in violation of Board of Alcoholic Control Regulation #30 (3).

"(B) It is further found as a fact that The Keg failed to give its retail licensed premises proper supervision on or about February 21, 1970, at approximately 11:30 p.m. by allowing a person to use loud, profane and indecent language on its premises.

"(C) It is further found as a fact that The Keg allowed Terry Lee Delaney, a person in an intoxicated condition, to loiter and consume beer on its retail licensed premises on or about February 6, 1970, 11:15 p.m. in violation of Board of Alcoholic Control Regulation #30 (1) and (2).

"(D) It is further found as a fact that The Keg failed to give its retail licensed premises proper supervision on February 6, 1970, at approximately 11:15 p.m. by allowing Terry Lee Delaney, a person in an intoxicated condition, to loiter and consume beer on its retail licensed premises.

### HISTORY

"On March 16, 1970, a letter of reprimand was sent by the Board of Alcoholic Control to The Keg for allowing affrays to take place on the premises of The Keg and also for allowing a person by the name of Jeffrey Allen Theys to use loud, profane and indecent language on the premises on December 6, 1969. A warning dated January 13, 1969, for allowing an intoxicated person to loiter on the premises was issued to The Keg.

RECOMMENDATION OF D. L. PICKARD
ASSISTANT DIRECTOR - HEARING OFFICER
N. C. BOARD OF ALCOHOLIC CONTROL

"That the permit be suspended for a period of 60 days."

Two letters from the Board to The Keg dated July 7, 1969 and March 16, 1970, signed by W. C. Cohoon, Chairman, also appear in the record as follows:

"This Board is in receipt of a report from our local ABC Officer showing that the following prohibited practices were observed at your establishment:

"(1) Employing Richard Robertson, David Coley, and Thomas Jarvis Tripp, minors (persons under 18 years of age) on your retail licensed premises and permitting said minors to work in, about, and in connection with your retail establishment where malt beverages are sold and dispensed on an On-Premises Permit on or about July 2, 1969, 11:30 p.m., in violation of G.S. 110-7 and Malt Beverage Regulation No. 17.

"(2) Failing to give your retail licensed premises proper supervision on or about July 2, 1969, 11:30 p.m. G.S. 18-78.

"All of the above acts are in direct violation of the rules and regulations of the Board of Alcoholic Control. The Board requests that you at once eliminate these acts, if you have not already done so, and that you give your establishment closer supervision by abiding by and complying with all the North Carolina Alcoholic Beverage Control Laws and Regulations.

"The Board has decided to take no active action against your permit at this time; however, consider this a warning letter and if any further violations are reported to this office concerning the operation of your establishment, immediate steps will be taken against your permit."

"The Board, at its meeting in Raleigh, North Carolina, on March 16, 1970, reviewed the evidence presented at the hearing of February 24, 1970 and after due consideration, ruled to take no action against your permit at this time. The Board ordered that a letter of reprimand be issued to you in this matter.

"Officers of this Department will be calling on you from time to time and will be glad to assist you in any matters pertaining to malt beverages and/or wine. However, if they detect violations on your premises, they will report them to this office as is their duty.

"Consider this a letter of reprimand in this matter and if any further violations are detected in the operation of

your establishment, immediate steps will be taken against your malt beverage and/or wine permits."

On May 8, 1970 The Keg was notified that the findings of fact and recommendation of D. L. Pickard, the Hearing Officer, based on the hearing held on April 15, 1970, would be reviewed by the Board on May 18, 1970 at 10 a.m. After this review, the Board notified The Keg as follows:

"The State Board of Alcoholic Control, at its meeting on May 18, 1970, reviewed the recommendation and findings of fact based on the evidence taken at the hearing on April 15, 1970, by D. L. Pickard, Assistant Director (Hearing Officer), after which it approved the findings of fact as its own and made a decision thereon.

"Action is being taken against your retail beer permit because the Board finds as a fact that you permitted and allowed a person to use loud, profane and indecent language on your retail licensed premises on or about February 21, 1970, at 11:30 p.m. in violation of Board of Alcoholic Control Regulation #30 (3); you allowed Terry Lee Delaney, a person in an intoxicated condition, to loiter and consume beer on your retail licensed premises on or about February 6, 1970, 11:15 p.m. in violation of Board of Alcoholic Control Regulation #30 (1) & (2); and you failed to give your retail licensed premises proper supervision on February 6, 1970 at approximately 11:15 p.m. and February 21, 1970, at approximately 11:30 p.m. in violation of G.S. 18-78.

"It is therefore ORDERED that your retail beer permit be suspended for a period of 60 days, effective June 1, 1970, and the local State ABC Officer in your territory will pick up same at your establishment on that date."

On May 26, 1970, The Keg gave notice of appeal to the Superior Court, and on the same date the Honorable James H. Pou Bailey, Resident Judge of the Tenth Judicial District, entered an order staying the operation of the order entered by the State Board of Alcoholic Control until the final determination of a judicial review of the proceeding. This proceeding was heard in the Superior Court of Wake County on August 6, 1970, and the following order was entered.

"THIS CAUSE coming on to be heard and being heard before the Honorable Albert W. Cowper, Judge presiding at

the August Regular Civil Term of the Superior Court of Wake County, and the court, upon reviewing the record and upon reviewing the oral argument of counsel for petitioner and counsel for respondent, is of the opinion that the petitioner's petition should be allowed and that the Order of the respondent entered herein and dated May 18, 1970, suspending the retail beer permit of the petitioner for sixty (60) days be set aside.

"IT IS NOW, THEREFORE, ORDERED, ADJUDGED AND DE-CREED that the Order of the respondent, Board of Alcoholic Control, entered herein on May 18, 1970, suspending the petitioner's retail beer permit for sixty (60) days, be and the same is hereby set aside and declared to be null and void and that the costs be taxed against the respondent."

From the order of the Superior Court, the State Board of Alcoholic Control appealed to this Court.

*Attorney General Robert Morgan, Staff Attorneys Mrs. Christine Y. Densen and James L. Blackburn for respondent, appellant.*

*Broughton and Broughton by John D. McConnell, Jr., for petitioner, appellee.*

*Per Curiam.* Pertinent regulations adopted by the North Carolina Board of Alcoholic Control pursuant to the authority granted by G.S. 18-78(d) are as follows:

"30. Permits authorizing the sale at retail of beverages, as defined in G.S. 18-64, and Article 5 of Chapter 18 of the General Statutes, for on or off premises consumption may be suspended or revoked upon violation of any of the following provisions upon the licensed premises:

"1. Permitting intoxicated persons to loiter on the licensed premises.

\*       \*       \*

"3. Permitting the use of loud, profane or indecent language by any person."

G.S. 18-78 in part provides:

"(a) If any licensee violates any of the provisions of this article or any rules and regulations under authority of

this article or fails to superintend in person or through a manager, the business for which the license was issued, or allows the premises, with respect to which the license was issued, to be used for any unlawful, disorderly, or immoral purposes. . . .

\*　　\*　　\*

"(d) The State Board of Alcoholic Control . . . may revoke or suspend the State permit of any licensee for a violation of the provisions of this article or of any rule or regulation adopted by said Board."

A violation of either Regulation or of the terms of the statute is sufficient to support the suspension of the license.

We hold that the evidence before the State Board of Alcoholic Control was sufficient to sustain the finding that on February 6, 1970 Terry Lee Delaney was intoxicated and was permitted to loiter on the licensed premises of The Keg in violation of the Board of Alcoholic Control Regulation #30 (1), and that Mr. Graham Oakley, the operator of The Keg on that occasion, failed to give the premises proper supervision. Such findings were sufficient to support the order of suspension of license entered by the Hearing Officer and approved by the Board. Therefore, it is not necessary to consider the evidence concerning the loud, profane and indecent language used on the premises on February 21, 1970.

The principles governing this decision were stated by Justice Higgins in *Freeman v. Board of Alcoholic Control,* 264 N.C. 320, 141 S.E. 2d 499:

"The duty to weigh the evidence and find the facts is lodged in the agency that hears the witnesses and observes their demeanor as they testify—in this case the Board of Alcoholic Control. Its findings are conclusive if supported by material and substantial evidence. *Campbell v. ABC Board,* 263 N.C. 224, 139 S.E. 2d 197; *Thomas v. ABC Board,* 258 N.C. 513, 128 S.E. 2d 884. 'Courts will not undertake to control the exercise of discretion and judgment on the part of members of a commission in performing the functions of a State agency.' *Williamston v. R. R.,* 236 N.C. 271, 72 S.E. 2d 609. 'When discretionary authority is vested in such commission, the court has no power to substitute its discretion for that of the commission; and in the

absence of fraud, manifest abuse of discretion or conduct in excess of lawful authority, the court has no power to intervene.' *Pharr v. Garibaldi,* 252 N.C. 803, 115 S.E. 2d 18. 'Hence it is that the findings of the board, when made in good faith and supported by evidence, are final.' *In re Hastings,* 252 N.C. 327, 113 S.E. 2d 433."

Accord: *Wholesale v. ABC Board,* 265 N.C. 679, 144 S.E. 2d 895.

There is no evidence that the action of the Board was arbitrary or in excess of its lawful authority. The judgment of the Superior Court is reversed and the Stay Order entered by Bailey, J., on May 26, 1970, staying the operation of the Order entered by the State Board of Alcoholic Control on May 18, 1970, is vacated.

Reversed.