S. H. HURSEY, JR., t/b/a HURSEY'S HANDY CORNER; DWIGHT SHOFFNER, t/b/a HILLTOP GROCERY; TROY E. PERKINS, t/b/a PERKINS GROCERY, AND JOWEL BARRINGER, t/b/a GIBSONVILLE RED AND WHITE GROCERY STORE

— v. —

THE TOWN OF GIBSONVILLE, A MUNICIPAL CORPORATION, AND M. W. MILLIGAN, CHIEF OF POLICE OF THE TOWN OF GIBSONVILLE

— AND —

ROBERT MORGAN, ATTORNEY GENERAL OF NORTH CAROLINA

No. 55

(Filed 25 January 1974)

**1. Intoxicating Liquor § 1— right to sell beer and wine**

Other than as authorized by a legally issued permit, there is no right to sell beer, wine and other alcoholic beverages in North Carolina.

2. **Constitutional Law § 12; Intoxicating Liquor § 1— prohibition of sale of beer and wine on Sunday — exemption of holders of brown bagging permits — constitutionality of statute**

> The statute authorizing municipalities and counties to regulate and prohibit beer and wine sales from 1:00 p.m. on Sunday until 7:00 a.m. on Monday, including its proviso that municipalities and counties shall have no authority to regulate and prohibit such sales by establishments having a "brown bagging" permit, does not create discriminatory classifications and is constitutional, and an action by plaintiff · grocers to enjoin the enforcement of a city ordinance prohibiting them from selling beer and wine after 1:00 p.m. on Sunday for off-premises consumption should have been dismissed. G.S. 18A-33(b).

> Chief Justice BOBBITT concurring.

> Justice HUSKINS dissenting.

IN this civil action the four plaintiffs joined in one complaint in which they allege that each operates a retail grocery business in the incorporated Town of Gibsonville. Each holds for his place of business "an off premises beer permit" issued under Part 2 of Article 4, Chapter 18A, General Statutes. Each holds the applicable ABC Privilege License issued pursuant to the ordinances of the Town of Gibsonville. Each operates his place of business on Sunday.

The complaint further alleges:

"11. That in the Town of Gibsonville are several business establishments holding 'brown bagging' license and operating on Sunday and are selling beer and wine without interference from the City Officials or the Chief of Police. That the Plaintiffs do not have 'brown bagging' permits and are operating their businesses across the street or in the same block in some instances where businesses are being operated on Sunday and the sale of beer and wine is conducted.

"12. That the Plaintiffs operate their business in the Town of Gibsonville, selling beer and wine as their licenses permit at their place of business on other days of the week and desire to do so on Sunday.

"13. That the threatened enforcement by the Town of Gibsonville of the prohibition of Sunday beer and wine sales will cause irreparable damage to all of the Plaintiffs herein in that they will suffer multiple arrests and harassments; and that they will be prevented from a lawful activity with-

out authorization, with the result of loss of profits from said Sunday beer and wine sales; that they will suffer from undue publicity and loss of good will; that they will have no adequate remedy at law.

"14. That the enforcement of Chapter L, Article IV of the ordinances of the Town of Gibsonville as to the Plaintiffs in the operation of their businesses is invalid, void and in violation of Article I, Section 19 of the North Carolina Constitution and the Fourteenth Amendment of the Constitution of the United States in that it is unreasonable and discriminatory.

"15. That Section 33 (b) of Chapter 18A of the North Carolina General Statutes violates Article I, Section 19 of the North Carolina Constitution and the Fourteenth Amendment of the Constitution of the United States in that it is unreasonable and discriminatory."

On the basis of the allegations of the complaint the plaintiffs pray for the following relief:

"1. For a declaratory judgment that Chapter L, Article IV of the ordinances of the Town of Gibsonville is invalid and of no force and effect as to these Plaintiffs and others similarly situated.

"2. That the Defendants be permanently enjoined from preventing Plaintiffs from selling beer on Sunday at the times specified herein or at such times as the Court declares it to be lawful for them to do so.

"3. That the Court, pending a final determination of this matter, issue a preliminary injunction restraining and enjoining the Defendants in the above described manner and form.

"4. That the Court, pending the issuance of such preliminary injunction, accept this verified complaint as a motion for temporary restraining order under Rule 65 of the North Carolina Rules of Civil Procedure, and that the Court issue a Temporary Restraining Order restraining and enjoining the Defendants either individually or through any persons acting under or in connection with them in the above described manner and form."

The Attorney General of North Carolina intervened as a party defendant and filed answer admitting the essential factual allegations of the complaint. The Attorney General alleged, however, that only one establishment in Gibsonville (Pete's Grill) holds a "brown bagging" permit. The Attorney General filed with the court a motion that the plaintiffs' applications for a temporary restraining order and for a permanent injunction be denied and the plaintiffs' action be dismissed for that the complaint fails to set forth a claim upon which relief may be granted. The Attorney General moved also that the court declare the ordinances of the Town of Gibsonville constitutional and valid except that the Town is without authority to invalidate a duly authorized "brown bagging" permit issued pursuant to the provisions of Sec. 18A-33(b) of the General Statutes.

Judge Exum, after hearing, entered the following judgment:

"1. The Town of Gibsonville shall hereafter give no further force or effect to the proviso of G.S. 18A-33(b) insofar as it purports to prohibit Gibsonville from enforcing its ORDINANCE against businesses holding BROWN BAGGING PERMITS to the extent that these businesses sell beer on Sundays for consumption off-premises.

"2. The Town of Gibsonville shall hereafter enforce the ORDINANCE against all businesses whether or not the businesses hold a BROWN BAGGING PERMIT to the extent that these businesses sell beer on Sundays for consumption off their own premises.

"3. The Town of Gibsonville shall comply fully with the proviso of G.S. 18A-33(b) insofar as it prohibits Gibsonville from enforcing the ORDINANCE against the sale of beer for consumption on-premises by any business which has a BROWN BAGGING PERMIT."

Both the plaintiffs and the Attorney General appealed to the North Carolina Court of Appeals. After review, the Court of Appeals concluded:

"The ordinance of the town of Gibsonville as authorized by G.S. 18A-33(b) is valid and enforceable against all its citizens without discrimination. G.S. 18A-33(b) is a constitutional exercise of the power of the General Assembly except for the proviso which excludes businesses with Article 3 or 'brown bagging' permits from the remainder of

G.S. 18A-33 (b). The proviso is unconstitutional and void. The judgment below is modified to permit the town of Gibsonville to enforce its ordinance against the sale of beer and wine on Sundays after 1:00 p.m. without restriction.

"Modified and affirmed."

*Forrest E. Campbell and Walker, Short & Alexander, by W. Marcus Short for plaintiff appellants.*

*Smith, Moore, Smith, Schell & Hunter by Beverly C. Moore for defendant appellees.*

*Robert Morgan, Attorney General, by Howard A. Kramer, Associate Attorney for the State.*

HIGGINS, Justice.

The plaintiffs, the trial court, and the Court of Appeals seem to have proceeded on the theory that the plaintiffs have *a constitutional right to engage in the sale and distribution of wine and beer.* The assumption overlooks the fact that beer, wine, and other alcoholic beverages, because of the inherent danger in their unrestricted use, are made subjects of rigid regulation and control by the General Assembly acting under the State's police power.

Chapter 18A, General Statutes of North Carolina, 1971 Cumulative Supplement, establishes, "[A] uniform system of control over the sale, purchase, transportation, manufacture, and possession of intoxicating liquors in North Carolina . . . . " Article 2, Chapter 18A-14, creates a State Board of Alcoholic Control and gives the Board power and authority to .make and enforce regulations for control of the sale, purchase, transportation, manufacture, and possession of intoxicating beverages. The Act provides for the issuance of permits by the Board of Alcoholic Control and, except as authorized by a legally issued permit, sales, etc. of alcoholic beverages are made unlawful. The Board of Alcoholic Control has no power to issue a permit which authorizes the holder to violate the restrictions fixed by the Control Act. *Underwood v. Board of Alcoholic Control,* 278 N.C. 623, 181 S.E. 2d 1; *Keg, Inc. v. Board of Alcoholic Control,* 277 N.C. 450, 177 S.E. 2d 861; *D & W, Inc. v. Charlotte,* 268 N.C. 577, 151 S.E. 2d 241; *Lampros Wholesale, Inc. v. ABC Board,* 265 N.C. 679, 144 S.E. 2d 895.

Hursey v. Town of Gibsonville

[1]   Other than as authorized by a legally issued permit, there is no right to sell beer, wine, and other alcoholic beverages in North Carolina.

Section 18A-2. Definitions, provides:

"(4) The word 'liquor' or the phrase 'intoxicating liquor' shall be construed to include alcohol, brandy, whiskey, rum, gin, beer, ale, porter, and wine, and in addition thereto any spirituous, vinous, malt or fermented beverages, liquids, and compounds, whether medicated, proprietary, patented, or not, and by whatever name called, containing one half or one percent (½ of 1%) or more of alcohol by volume, which are fit for use for beverage purposes.

\*          \*          \*

"(9) The word 'permit' shall mean a written or printed authorization to engage in some phase of the liquor industry which may be issued by the State Board of Alcoholic Control under the provisions of this Chapter."

Article 3, Section 18A-31, provides:

"(a) Permits.—Any person, association, or corporation making application for a permit under this Article shall file said application and appropriate fee with the State Board of Alcoholic Control, and said Board shall have the exclusive authority, not inconsistent herewith, in issuing any permit, or in renewing, suspending, or revoking any temporary or annual permit."

Article 3, Section 18A-31, authorizes the Board of Alcoholic Control to issue "brown bagging" permits:

"(7) All permits shall be issued for a designated location, a separate permit being required for each separate location of any business.

"(8) Said Board shall not refuse the issuance of any permit to any person, firm, or corporation who shall comply with the provisions of this Chapter, and the issuance of a permit shall not be arbitrary in any case, but issuance of a permit shall be mandatory to any person, firm, or corporation complying with the provisions of this Chapter."

The Town of Gibsonville, under the authority of Article 4, Part 1, Section 18A-33, passed a resolution prohibiting the sale of wine and beer on Sunday. Subsection (b) provides:

> "In addition to the restrictions on the sale of malt beverages and/or wines (fortified or unfortified) set out in this section, the governing bodies of all municipalities and counties in North Carolina shall have, and they are hereby vested with, full power and authority to regulate and prohibit the sale of malt beverages and/or wine (fortified or unfortified) from 1:00 P.M. on each Sunday until 7:00 A.M., on the following Monday. Provided, however, that municipalities and counties shall have no authority under this subsection to regulate or prohibit sales after 1:00 P.M. on Sundays *by establishments having a permit* ["*brown bagging*"] *issued under Article 3 of this Chapter.*" (Emphasis added.)

The statutory authority which gives Gibsonville the right to prohibit sales on Sundays, in the same section provides that such power does not include the right to invalidate or neutralize a "brown bagging" permit. Not only the Act protects a "brown bagging" permit, but a general State law takes precedence over a city ordinance. *State v. Williams,* 283 N.C. 550, 196 S.E. 2d 756; *Staley v. Winston-Salem,* 258 N.C. 244, 128 S.E. 2d 604; *Davis v. Charlotte,* 242 N.C. 670, 89 S.E. 2d 406. G.S. 160A-174(b) provides: "A city ordinance shall be consistent with the Constitution and laws of North Carolina . . . . An ordinance is not consistent . . . when . . . (2) The ordinance makes unlawful an act, omission or condition which is expressly made lawful by State or federal law."

[2] The General Assembly undoubtedly has authority to provide for the creation of classes and to classify objects of legislation. The classifications are upheld if they are practical and prescribe regulations for different classes. The one requirement is that the ordinance creating a classification must affect all persons similarly situated or engaged in the same business without discrimination. *Boyd v. Allen,* 246 N.C. 150, 97 S.E. 2d 864; *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783.

G.S. 18A-30 (and its predecessor G.S. 18-51) carefully prescribe the type of businesses which may hold "brown bagging" permits. The question of selection is legislative and not legal. Where the Legislature makes the classification, the courts are

not authorized to supplant the legislative intent and purpose by substituting their own. The Legislature is presumed to have provided for a reasonable classification and the burden is on the plaintiff to show the classification is unreasonable. "[C]lassifications as such are not unlawful. They become unlawful when they are arbitrary and unreasonable." *Galloway v. Lawrence,* 263 N.C. 433, 139 S.E. 2d 761. " 'Class legislation' is not offensive to the Constitution when the classification is based on a reasonable distinction and the law is made to apply uniformly to all the members of the class affected." *Cheek v. City of Charlotte,* 273 N.C. 293, 160 S.E. 2d 18. "The question of the propriety, wisdom, and expediency of legislation is exclusively a legislative matter and if an Act is otherwise unobjectionable, all that can be required of it is that it be general in its application to the class or locality to which it applies and that it be public in its character." *Furniture Co. v. Baron,* 243 N.C. 502, 91 S.E. 2d 236. "Neither the Equal Protection Clause of the Fourteenth Amendment to the United States Constitution nor the similar language in Art. I, § 19, of the Constitution of North Carolina takes from the State the power to classify persons or activities when there is reasonable basis for such classification and for the consequent difference in treatment under the law . . . . " *Guthrie v. Taylor,* 279 N.C. 703, 185 S.E. 2d 193. The legislative determination of the class of establishments entitled to "brown bagging" permits does not seem to offend against constitutional guarantees. *Cheek v. City of Charlotte, supra. Surplus Co. v. Pleasants, Sheriff,* 264 N.C. 650, 142 S.E. 2d 697.

In this action the plaintiffs attempted either to obtain "brown bagging" privileges for which they have not applied, or in the alternative, that the "brown bagging" privileges held by a competitor in Gibsonville be declared to be illegal. A permit grants a privilege. It does not convey either a constitutional right or a property right. It is subject to cancellation by the issuing authority for cause. *Boyd v. Allen, supra;* 48 C.J.S., Intoxicating Liquors, § 109 a.; 30 Am. Jur., Intoxicating Liquors, § 136.

In view of the decisions of the superior court and the Court of Appeals in this case and the reasons assigned for the decisions, we have concluded the foregoing discussion not inappropriate, even though the allegations of the complaint (there being no factual dispute) fail to set forth facts constituting a claim upon which the Court may grant the relief prayed for by the

plaintiffs. The failure to establish a sufficient basis for injunctive relief, it follows that the Attorney General's motion that the plaintiffs' action be dismissed should have been allowed.

The plaintiffs allege they operate places of business in Gibsonville and that they have permits from the City to sell beer and wine for off premises consumption. The Town of Gibsonville has passed an ordinance prohibiting the sales on Sunday. One of the plaintiffs' competitors holds a "brown bagging" permit and sells beer and wine on Sunday, disregarding the Town's ordinance. The plaintiffs pray the Court to declare this Sunday ordinance unconstitutional, and its enforcement against them, on the ground that to permit a competitor to sell on Sunday (they being prohibited) is a denial of the plaintiffs' constitutional rights.

The Attorney General, for the State, answered the complaint, prayed that the Gibsonville Sunday ordinance be declared valid except as to businesses holding "brown bagging" permits issued under the State law, and that they be not affected by Gibsonville's Sunday ordinance.

This Court has uniformly held that the constitutionality of a criminal statute or ordinance may not be attacked by civil suit to restrain enforcement. Justice Sharp in *D & W, Inc. v. Charlotte, supra,* states the rule: "Equity will not restrain the enforcement of a criminal statute or regulatory ordinance providing a penalty for its violation; it may be challenged and tested only by way of defense to a criminal prosecution based thereon. . . . To the general rule, however, there is an exception: If the statute or ordinance itself is void, its enforcement will be restrained where there is no adequate remedy at law and such action is necessary to protect property and fudamental human rights which are guaranteed by the constitution. *Surplus Store, Inc. v. Hunter,* 257 N.C. 206, 125 S.E. 2d 764; . . . *Roller v. Allen,* 245 N.C. 516, 96 S.E. 2d 851; . . . " A plaintiff must allege and prove that enforcement deprives him individually of a constitutional and property right.

The main thrust of plaintiffs' complaint seems to be that a "brown bagging" permit entitles the holder to sell beer and wine on Sunday for off premises consumption—a right the plaintiffs do not have under their permits. The correct answer to the plaintiffs' complaint is provided by the statute. The plaintiffs, if they can qualify and pay the fees for the permits,

the Board of Alcoholic Control cannot deny, but must issue the permit. Article 3, Section 18A-31(a)(8) provides: "Said Board shall not refuse the issuance of any permit to any person, firm, or corporation who shall comply with the provisions of this Chapter, and the issuance of a permit . . . shall be mandatory to any person, firm, or corporation complying with the provisions of this Chapter."

The general rule is that when a valid ordinance requires a license or permit as a prerequisite to carrying on a certain business, the enforcement of the ordinance will not be enjoined when an application has not been made for a permit. 43 C.J.S., Injunctions, § 119, at p. 657. Our decisions hold the sale of alcoholic beverages can be legal only when authorized by a legally issued permit. The right to sell has its foundation in the permit and does not exist as a constitutional or property right. The record in this case, therefore, discloses neither a legal nor a factual foundation upon which a court of equity may grant to the plaintiffs the relief they demand.

We have discussed the legal propositions argued by the parties and decided by the superior court and by the Court of Appeals; however, we think adherence to sound principles of law and orderly procedure require this Court to hold that the superior court committed error of law by denying the Attorney General's motion to dismiss and the Court of Appeals likewise committed error by modifying and affirming the judgment.

For the reasons herein assigned and upon the authorities cited we conclude the Superior Court of Guilford County committed error in failing to grant the Attorney General's motion to dismiss made at the close of the hearing in the superior court. The decision of the Court of Appeals is reversed. The Court of Appeals will remand the cause to the Superior Court of Guiford County for the entry of judgment dismissing the plaintiffs' action.

REVERSED AND REMANDED.

Chief Justice BOBBITT concurring.

I am in accord with the majority view that G.S. 18A-33(b) in its entirety is constitutional and valid. It both *confers* and *limits* the authority of a municipality. Any portion of an ordinance which conflicts with or exceeds the authority conferred by G.S. 18A-33(b) is invalid.

G.S. 18A-33(b), if unconstitutional on account of the proviso, is unconstitutional in its entirety. *Cheek v. City of Charlotte,* 273 N.C. 293, 160 S.E. 2d 18 (1968). Whether the proviso should be deleted is for legislative—not judicial—determination.

Justice HUSKINS dissenting.

G.S. 18A-33(b) reads in pertinent part as follows:

" . . . [T]he governing bodies of all municipalities and counties in North Carolina shall have, and they are hereby vested with, full power and authority to regulate and prohibit the sale of malt beverages and/or wine (fortified or unfortified) from 1:00 P.M. on each Sunday until 7:00 A.M. on the following Monday. Provided, however, that municipalities and counties shall have no authority under this subsection to regulate or prohibit sales after 1:00 P.M. on Sundays by establishments having a permit issued under G.S. 18A-30(2) and (4)."

Pursuant to the authority contained in the foregoing statute, the Town of Gibsonville adopted an ordinance providing in pertinent part as follows: "The sale of malt beverages and wine (fortified or unfortified) from 1:00 P.M. on each Sunday until 7:00 A.M. on the following Monday is prohibited. . . . " However, in order to comply with the proviso contained in G.S. 18A-33(b) the ordinance is not enforced against establishments having a permit issued under G.S. 18A-30(2) and (4), that is, holders of "brown bagging" permits. Plaintiffs contend this amounts to an unconstitutional discrimination against them and bring this action to remove the discrimination.

We have held in numerous cases that the observance of Sunday as a day of rest has a reasonable relationship to the public peace, welfare, safety and morals, and that such requirement rests within the police power of the State—a power often delegated by the State to its municipalities. *Clark's Charlotte, Inc. v. Hunter,* 261 N.C. 222, 134 S.E. 2d 364 (1964); *State v. Trantham,* 230 N.C. 641, 55 S.E. 2d 198 (1949).

In enacting statutes or ordinances for the observance of Sunday, the State, or a municipality to which the power has been delegated, may determine and classify the pursuits, occupations or businesses to be excluded from Sunday operations; and if the classifications are based upon reasonable distinctions and

have some reasonable relationship to the public peace, welfare, safety and morals, they will be upheld. *State v. McGee,* 237 N.C. 633, 75 S.E. 2d 783 (1953) ; *State v. Towery,* 239 N.C. 274, 79 S.E. 2d 513 (1954). "The one requirement is that the ordinance must affect all persons similarly situated or engaged in the same business without discrimination." *State v. Trantham, supra.* Conversely, if the classifications are based upon unreasonable distinctions and have no reasonable relationship to the public peace, welfare, safety and morals, they violate due process and deny equal protection of the laws guaranteed by the Fourteenth Amendment to the Federal Constitution and Article I, section 19 of the Constitution of North Carolina.

Involved in this case is the business of selling beer and wine *for off-premises consumption.* As I view it, no legitimate reason appears why the Sunday sale of beer and wine for off-premises consumption by the holder of a "brown bagging" permit tends to "sustain life, promote health, and advance the enjoyment of Sunday as a day of rest," *Charles Stores v. Tucker,* 263 N.C. 710, 140 S.E. 2d 370 (1965), so as to come within the permissible Sunday pursuits, while the Sunday sale of beer and wine for off-premises consumption by a grocery store or any other lawful business establishment profanes the Sabbath and offends the purposes for which the statute or ordinance was enacted so as to come within the impermissible Sunday pursuits. Such classification, in my opinion, is founded upon unreasonable distinctions, discriminates against those engaged in the sale of wine and beer for off-premises consumption who are not holders of "brown bagging" permits, and has no reasonable relation to the objective sought by enactment of the statute or ordinance. Insofar as observance of the Sabbath is concerned, what is the *reasonable distinction* between selling *for off-premises consumption* a six-pack of beer in a brown bagging establishment and selling *for off-premises consumption* the same six-pack in a grocery store? I fail to see it.

It necessarily follows that insofar as G.S. 18A-33 (b), and the Gibsonville ordinance by the manner of its enforcement, attempt to put in different classifications the sale of wine and beer for off-premises consumption by those who *do* and those who *do not* hold brown bagging permits—the one allowed and the other prohibited—said statute and discriminatory enforcement of the ordinance are unconstitutional and should not be upheld. Businesses which are essentially the same—selling beer

and wine *for off-premises consumption*—should not be treated in law as though they are different. Discrimination exists when, under the same conditions, persons engaged in the same business are subjected to different restrictions and permitted to enjoy different privileges. Such discrimination impairs equality of protection and denies due process of law which is vouchsafed for all men by both State and Federal Constitutions.

For the reasons stated I would affirm the decision of the Court of Appeals and hold unconstitutional that portion of G.S. 18A-33(b) which requires discriminatory enforcement of the ordinance against Sunday sales of wine and beer for off-premises consumption. Gibsonville could then enforce its ordinance without discrimination or repeal it, according to the wishes of its citizens.