JAMES STEPHEN McKINNEY, T/A SEVEN DWARFS v. NORTH CAROLINA BOARD OF ALCOHOLIC CONTROL, DR. L. C. HOLSHOUSER, MARCUS T. HICKMAN AND GEORGE L. COXHEAD, MEMBERS OF THE BOARD

No. 7410SC572

(Filed 16 October 1974)

Intoxicating Liquor § 2— beer permit — lewd, immoral, improper entertainment — proper supervision — constitutionality of statutes

    G.S. 18A-34(a)(4) and G.S. 18A-43(a) are not unconstitutionally vague in failing to advise the holder of an on-premises beer permit and

others what constitutes "lewd, immoral, or improper entertainment, conduct, or practices" and what constitutes "proper supervision" of the premises.

APPEAL by plaintiff from *McLelland, Judge,* 26 March 1974 Session, WAKE County Superior Court. Heard in the Court of Appeals 24 September 1974.

Plaintiff was the holder of an on-premises beer permit in Fayetteville, North Carolina. By order dated 19 November 1973, the North Carolina Board of Alcoholic Control suspended this beer permit for a period of 120 days. This action followed a hearing which had been conducted by a hearing officer on 24 September 1973. The Board found as a fact that the plaintiff-petitioner "unlawfully and knowingly permitted on your licensed premises lewd, immoral and improper entertainment, conduct and practices on March 9, 1973, at 10:15 and 10:37 p.m. in violation of G.S. 18A-34(a)(4); and failed to give your licensed premises proper supervision on or about March 9, 1973 at 10:15 and 10:37 p.m. in violation of G.S. 18A-43(a)."

From this action by the Board, the plaintiff filed a petition for judicial review contending that the Board had acted pursuant to statutes and regulations which were unconstitutionally vague and deprived the plaintiff of due process of law.

Judge McLelland, upon review, found that the findings of fact and decision of the Board were supported by competent, material and substantial evidence and that the provisions of the law were constitutional and not unduly vague. The plaintiff appealed to this Court.

*Attorney General James H. Carson, Jr., by Associate Attorney James Wallace, Jr., for defendant appellees.*

*Bryan, Jones, Johnson, Hunter & Greene by Robert C. Bryan for plaintiff appellant.*

CAMPBELL, Judge.

The procedure followed in this case in all respects complies with the principles laid down in *Wholesale v. ABC Board,* 265 N.C. 679, 144 S.E. 2d 895 (1965). The only contention being made by the plaintiff is that G.S. 18A-34(a)(4) and G.S. 18A-43(a) are unconstitutionally vague in failing to advise the petitioner or others what conduct is in fact "lewd, immoral, or improper entertainment, conduct, or practices" and what

conduct constitutes "proper supervision" of the premises. We are of the opinion that the statutes and the regulations which were in effect at the time of this suspension were not too vague and are constitutionally valid within the rule set out in *California v. La Rue,* 409 U.S. 109, 34 L.Ed. 2d 342 (1972).

We refrain from setting out the acts and conduct set out in the evidence. Suffice it that we have reviewed all of the proceedings, and the judgment of the Superior Court of Wake County is

Affirmed.

Judges BRITT and VAUGHN concur.