BRUCE FAY, t/a THE BOWERY v. THE STATE BOARD OF ALCOHOLIC CONTROL

No. 7610SC88

(Filed 18 August 1976)

1. **Intoxicating Liquor § 2— female employee displaying pubic area — retail beer permit suspended**

   Evidence was sufficient to support respondent's finding that petitioner, who held a retail beer permit, allowed in his place of business a dancing girl who exposed her pubic area to customers in violation of G.S. 18A-34(a)(4) and Malt Beverage Regulation VIII D. 16.

2. **Intoxicating Liquor § 2— retail beer permit holder — responsibility for actions of employees**

   Petitioner who held a retail beer permit was responsible for the actions of his female employee in displaying her pubic area, though petitioner contended that he attempted to exercise tight supervision over his waitresses, since nothing in the record indicated that the employee involved acted suddenly or unexpectedly or in such a manner as to make it unfair to hold petitioner responsible for her conduct on the licensed premises.

APPEAL by petitioner from *Hobgood, Judge.* Judgment entered 20 November 1975 in Superior Court, WAKE County. Heard in the Court of Appeals 11 May 1976.

Petitioner received notice to appear before the hearing officer of the State Board of Alcoholic Control to show cause why his retail beer permit should not be revoked or suspended for the following alleged violation:

"Permitting leud, (sic) immoral, or improper entertainment, conduct, or practices upon your licensed premises on or about February 7, 1975, 12:25 a.m. in violation of G.S. 18A-34(a)(4) and Malt Beverage Regulation VIII. D. 16."

At the hearing held 18 April 1975, William Perkins, a Jacksonville City Policeman, testified that on 7 February 1975, at about 12:00 midnight, he observed a white female dancing in the Bowery Bar. She was wearing a "very small brief G-string type bathing suit" and was dancing around the tables serving pitchers of beer. "When she would take the money from the customers, she pulled the front of the bottom G-string to put the change in." Perkins observed her bring a pitcher of beer to a young Marine who "had his hands on both of her hips and she was dancing in a hunching motion at his chest." Perkins testified that "at another table she was waiting on, she brought a pitcher of beer over to the table and pulled the G-string bottom and exposed her pubic hair to retrieve the change." Perkins stated that he saw her twice expose her pubic area which had been shaved. Perkins arrested the girl, charging her with exhibiting her body in an obscene manner. On cross-examination Perkins testified: "I did not see her private parts. The only thing I saw was the pubic hair area and that had been shaved."

Defendant presented witnesses who testified that they were present at the Bowery on the night in question and, although they observed the girl dancing and serving beer, they did not observe her dancing in a lewd manner or exposing her pubic area. The manager of the Bowery testified that he had the girl under very tight supervision, that he did not see her perform any lewd or obscene dances, and that he does not allow the waitresses and dancers to expose their private parts. Petitioner testified that he was in the Bowery on the night in question and watched the girl dance but did not observe her perform what in his opinion was a lewd, obscene, or immoral dance, or expose her private parts.

Based upon this testimony, the hearing officer found that "the permittee did permit improper entertainment, conduct

and practices upon the licensed premises by allowing dancing where the dancing girl exposed her pubic area to customers on the licensed premises on or about February 7, 1975, at 12:25 a.m. in violation of G.S. 18A-34(a) (4) and Malt Beverage Regulation VIII. D. 16." The hearing officer recommended that the permit issued to petitioner, t/a The Bowery, be suspended for 90 days.

The State Board of Alcoholic Control reviewed the recommendation and findings of fact made by the hearing officer and approved his findings of fact as its own. By letter 21 July 1975 the Board notified petitioner:

> "Action is being taken against your retail beer permit because the Board finds as a fact that you did permit improper entertainment, conduct and practices upon your licensed premises by allowing dancing where the dancing girl exposed her pubic area to customers on your licensed premises on or about February 7, 1975, at 12:25 a.m. in violation of G.S. 18A-34(a) (4) and Malt Beverage Regulation VIII D. 16."

The Board ordered petitioner's retail beer permit suspended for a period of 90 days effective 4 August 1975.

Upon petition by defendant, the Wake County Superior Court reviewed the administrative decision of the Board and found its findings of fact and decision to be supported by competent, material and substantial evidence in view of the entire record and that the substantial rights of the Petitioner have not been prejudiced. Petitioner appealed, and the Court ordered that the stay order theretofore granted petitioner should remain in effect pending the outcome of the appeal.

*Bailey & Gaylor by Edward G. Bailey for petitioner appellant.*

*Attorney General Edmisten by Associate Attorney James Wallace, Jr. for the North Carolina State Board of Alcoholic Control, appellee.*

PARKER, Judge.

Acting in exercise of the State's police power, our General Assembly enacted Chapter 18A of the General Statutes, entitled "Regulation of Intoxicating Liquors." By G.S. 18A-14(a) The

State Board of Alcoholic Control was created. This Board is given broad powers, including the power "[t]o see that all the laws relating to the sale and control of intoxicating liquor are observed and performed," G.S. 18A-15(1), and the power to adopt "reasonable rules and regulations for the purpose of carrying out the provisions" of G.S. Chapter 18A, G.S. 18A-15(14). The statutes provide for the issuance of permits by the Board, and only those holding a permit from the Board may engage in the sale and distribution of beer. "Other than as authorized by a legally issued permit, there is no right to sell beer, wine, and other alcholic beverages in North Carolina." *Hursey v. Town of Gibsonville,* 284 N.C. 522, 527, 202 S.E. 2d 161, 164 (1974).

"A permit is a privilege granted only to those who meet the standards which the Board has set up and may, and should be, revoked if the permittee fails to keep faith with the Board by observing its regulations and obeying the laws of the State." *Wholesale v. ABC Board,* 265 N.C. 679, 681, 144 S.E. 2d 895, 897 (1965). "A violation of either a statute or a regulation is sufficient to support the suspension of the license." *C'est Bon, Inc. v. Board of Alcoholic Control,* 279 N.C. 140, 145, 181 S.E. 2d 448, 451 (1971); G.S. 18A-43(d).

In the present case the Board, after notice and hearing as provided by law, has found that the petitioner violated both a statute, G.S. 18A-34(a)(4), and Malt Beverage Regulation VIII D. 16. The statute, G.S. 18A-34(a)(4), provides as follows:

"(a) No holder of a license or permit authorizing the sale at retail of malt beverages or wine (fortified or unfortified) for consumption on or off the premises where sold, or any servant, agent, or employee of the licensee, shall do any of the following upon the licensed premises:

* * *

(4) Permit on the licensed premises any disorderly conduct, breach of peace, or any lewd, immoral, or improper entertainment, conduct, or practices; or permit on the licensed premises any conduct or entertainment by nude performers or entertainers, or person wearing transparent clothing or performances by any male or female performers simulating sexual acts or sexual activities with any person, object, device or other paraphernalia"

Malt Beverage Regulation VIII D.0116 provides that "[n]o permittee nor his employees shall allow or permit any person to perform acts of, or acts which simulate . . . the displaying of the pubic hair, anus, vulva or genitals."

[1]  Judicial review of the Board's order suspending petitioner's retail beer permit in the present case is governed by Article 33 of G.S. Ch. 143. (For cognate statutory provisions effective 1 February 1976, see Article 4 of G.S. Ch. 150A.) "Upon such review, the 'whole record' test is applicable, and the decision of the Board may be reversed if substantial rights of the licensee are prejudiced by administrative findings, inferences, conclusions or decisions which are not supported 'by competent, material, and substantial evidence in view of the entire record as submitted.' " *Underwood v. Board of Alcoholic Control*, 278 N.C. 623, 629, 181 S.E. 2d 1, 5 (1971). Applying the "whole record" test in the present case, we find ample, competent, material, and substantial evidence to support the Board's factual finding that petitioner "did permit improper entertainment, conduct and practices" upon the licensed premises "by allowing dancing where the dancing girl exposed her pubic area to customers." We find impersuasive the petitioner's contention that there was no competent, material, and substantial evidence to show a violation of the Board's regulation which he was charged with violating, since that regulation prohibits exposure of "pubic hair" and does not expressly prohibit exposure of the "pubic area." The Board's regulations are not criminal statutes to be strictly construed. They are civil regulations to be reasonably interpreted so as to accomplish the legitimate purposes for which they are issued. Moreover, the Board's factual findings should be understood in the light of the evidence on which they are based. Here, the Board's factual finding that "the dancing girl exposed her pubic area to customers on the licensed premises" was supported by ample, competent, direct evidence. Interpreted in the light of that evidence, that finding shows a clear violation of the Board's regulation as reasonably construed. It also shows a violation of the statutory proscription against permitting on the licensed premises "improper entertainment, conduct, or practices."

[2]  Petitioner contends that he should not be held responsible for the actions of his female employee in this case, pointing to his evidence that he attempted to exercise tight supervision over his waitresses. Petitioner, however, acts through his agents

and employees and is responsible for their conduct. *Boyd v. Allen,* 246 N.C. 150, 97 S.E. 2d 864 (1957); *American Legion v. Board of Alcoholic Control,* 27 N.C. App. 266, 218 S.E. 2d 513 (1975). Nothing in the present record indicates that the employee here involved acted suddenly or unexpectedly or in such a manner as to make it unfair to hold petitioner responsible for her conduct on the licensed premises.

Petitioner's remaining contentions have been duly considered. We find none of them persuasive.

The judgment of the Superior Court of Wake County affirming the decision of the Board of Alcoholic Control is

Affirmed.

Judges HEDRICK and ARNOLD concur.